JAMES W. DORSEY, APPELLEE, V. CHARLES A. WELLMAN ET AL., APPELLANTS.

FILED OCTOBER 22, 1909. No. 15,773.

1. Trial: MOTIONS TO DIRECT VERDICT: EFFECT. Where each party to a trial by jury requests the court to direct a verdict in his favor, he waives the right to any finding or trial of the issues by the jury, and consents that the court shall find the facts and apply the law thereto.

2. Appeal: ACTION AT LAW: FINDING BY COURT. A finding of fact made by a court in the trial of an action at law is entitled to as much respect as the verdict of a jury, and, if there is competent evidence to support the finding, it will not be disturbed on appeal.

3. Notes: NEGOTIABLE INSTRUMENT ACT. Chapter 41 of the Compiled Statutes, the negotiable instrument act, does not apply to actions based upon instruments executed before that statute became effective.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*John C. Stevens* and *John W. Parish,* for appellants.

*Charles T. Dickinson, contra.*

ROOT, J.

This action was brought upon a negotiable promissory note payable to bearer, by a second indorsee thereof. The answer is somewhat prolix, but, in substance, charges that

the instrument was secured by one Sullivan, who falsely represented himself to defendant to be a physician duly licensed to practice medicine in Nebraska, and that he was the manager of a corporation engaged through its employees in the practice of medicine in this state. Defendant further stated that his wife was afflicted with disease, and that, relying on Sullivan's statements and believing them to be true, he executed the note in consideration of medical treatement to be given her, and the further representation that she should be cured or that the note need not be paid. Defendant also testified that medicine was sent and administered to his wife, but that it was valueless and did not cure or relieve her. There are other allegations in the answer not essential for an understanding of this case. Plaintiff replied by way of a general denial. Upon the trial plaintiff introduced the note, and rested. Defendant thereupon asked for a peremptory instruction in his favor, which request was denied. Defendant then testified and introduced other evidence sufficient to establish the truth of the allegations in his answer relative to Sullivan's statements and the falsity thereof. Plaintiff's deposition and the indorsements on the note were also received in evidence. Each litigant at the close of the evidence requested the court to instruct the jury to find in his favor. Plaintiff's motion was granted, and defendant's overruled. Defendant appeals.

1. Defendant argues that a jury, and not the court, should have passed upon the issues joined, and that by the action of the court he was deprived of his constitutional right to a jury trial. The difficulty is that by asking for a peremptory instruction at the time plaintiff made his request at the close of the evidence defendant waived his right to a verdict by the jury. *Segear v. Westcott*, 83 Neb. 515.

2. Defendant urges that the evidence does not establish that plaintiff is a *bona fide* purchaser for value of the note in suit. By requesting a peremptory instruction

each litigant admitted the truth of all of his opponent's relevant evidence and all just inferences that might be drawn therefrom. Plaintiff testified that he purchased the note in November, 1902. It matured in December of that year. Plaintiff also testified that he had no knowledge of the facts concerning the history of the note at the time he acquired it, nor any of the facts surrounding the execution of the instrument; that he purchased it with other notes, and could not state the exact consideration paid for the identical bill; that "I did not inquire into the consideration upon which this note was based, I had no knowledge at the time what the consideration was. I had the money, and I desired to invest it and did invest it in this note and others which I speak of." The evidence proves that money was paid for the note, and negatives that plaintiff bought with knowledge of the facts surrounding its execution. There is no evidence to show that plaintiff believed there was a defense to the note, or that he acted dishonestly or in bad faith. Under this state of facts, he is entitled to recover even though the facts and circumstances surrounding his purchase ought to have excited suspicion in the mind of a prudent man. *Dobbins v. Oberman,* 17 Neb. 163; *Myers v. Bealer,* 30 Neb. 280; *First State Bank v. Borchers,* 83 Neb. 530. The evidence sustains the judgment of the district court.

3. Defendant contends that the negotiable instrument law, ch. 41, Comp. St. 1909, imposes a greater burden upon plaintiff than existed with respect to plaintiffs in like actions before the passage of that act. The act was passed in 1905 (laws 1905, ch. 83), subsequent to the execution of the note in suit. Section 193 of the act provides that the statute shall not apply to negotiable instruments made and delivered prior to the taking effect of said act. Hence the argument falls.

We find no error in the record, and the judgment of the district court is

AFFIRMED.