Martin v. Harvey.

JAMES A. MARTIN, APPELLANT, V. ALBERT G. HARVEY, APPELLEE.

FILED APRIL 24, 1911. No. 16,343.

1. **Trial**: MOTION TO DIRECT VERDICT: EFFECT. Where each party to a trial by jury requests the court to direct a verdict in his favor, he waives the right to thereafter insist that any question of fact should have been submitted to the jury.

2. **Ejectment**: EVIDENCE UNDER GENERAL DENIAL. Under a general denial, in an action of ejectment, the defendant may show that a deed in plaintiff's chain of title was a forgery.

3. ——: ——. The defendant, under such an answer, may prove, by any legal evidence he may have, any fact which will defeat the plaintiff's action.

4. **Evidence** examined and set out in the opinion *held* sufficient to sustain the judgment of the trial court.

APPEAL from the district court for Chase county: ROBERT C. ORR, JUDGE. *Affirmed.*

*J. L. McPheely*, for appellant.

*Morlan, Ritchie & Wolff,* contra.

FAWCETT, J.

This is an action of ejectment to recover the possession of the northeast quarter of section 30, township 5, range 38, in Chase county. The petition is in the usual form. The answer admits that defendant is in possession, and denies every other allegation in plaintiff's petition. After both sides had rested, plaintiff and defendant each requested the court to direct the jury to return a verdict in his favor. The court overruled plaintiff's and sustained defendant's motion, and directed the jury to return a verdict in favor of defendant, which was done. A motion for a new trial was overruled and judgment entered upon the verdict. Plaintiff appeals.

Plaintiff's fourth and fifth assignments of error are

that the court erred in directing a verdict for defendant. By requesting a directed verdict, the right to insist upon the submission of any question to the jury was waived. *Dorsey v. Wellman*, 85 Neb. 262; *Phœnix Ins. Co. v. Kerr*, 129 Fed. 723, and cases there cited.

The only other assignment of error argued in plaintiff's brief is that the verdict is not sustained by the evidence. One of the links in plaintiff's chain of title is a deed from Samuel Harvey to John E. Kelley, dated September 25, 1899, for an express consideration of $600. The original deed was not produced. After showing that it was not in the possession of plaintiff, the record of the deed was received in evidence. Defendant, who is a son of the grantor in that deed, contends that the deed was a forgery. It is insisted by plaintiff that proof of that fact cannot be made under a general denial in the answer. In the syllabus in *Staley v. Housel*, 35 Neb. 160, we held: "(1.) Under a general denial, in an action of ejectment, the defendant may show that a deed in plaintiff's chain of title was procured by fraud and undue means. (2.) The defendant, under such an answer, may prove, by any legal evidence which he may have, any fact which will defeat the plaintiff's cause of action." This rule has been steadfastly adhered to in this court. The only proof offered by plaintiff of the execution of the deed in question, outside of the record of the deed itself, is in the testimony of Mr. Kelley, the grantee in that deed. As already stated, the deed purports to have been executed September 25, 1899. Mr. Kelley testified: "I paid either $15 or $25 in cash, and paid off the mortgage and taxes that were then accumulated against the land. The mortgage was held by the Sullivan's Saving Institution, originally $400, with accrued interest and taxes, amounting to $600, is what I paid him. Q. Where was the transaction had? A. In my office at McCook, Nebraska." After giving a short description of the man who executed the deed, he testifies: "I sold the land for $300 to John and Francis Woods." On cross-examination he was asked: "Q. Who was that man you

described a while ago, what was his name? A. Samuel Harvey. Q. When did you first meet him? A. The first time I remember of meeting him was when he executed this deed. Q. And when was the last time you saw him? A. That was the only time that I saw him. Q. Where did this man say he lived? A. At Lincoln, Nebraska. Q. Did you ever see him in Lincoln? A. I never did." The name of the notary before whom the deed purports to have been acknowledged is Lillian H. McCarl. She was not produced as a witness.

The evidence shows Mr. Kelley to have been an attorney and dealer in real estate. It is natural to suppose that such a man would promptly record a deed to property for which he had paid a substantial consideration; but the evidence shows that the deed he claims to have received was not recorded until two days after he had conveyed the land to the Woods brothers, for one-half the amount which he claims to have paid for it. No explanation is attempted to be made as to how he and Mr. Harvey happened to meet on September 25, 1899. So far as the record shows, there had never been any correspondence between them. Under the testimony of Mr. Kelley it would appear that Mr. Harvey entered his office that day, sold him his quarter section of land for from $15 to $25, subject to a $400 mortgage with interest and taxes, executed a deed therefor, and departed. On the part of defendant it is shown that during the entire year of 1899 Mr. Harvey was living with a son in Lincoln; that he had undergone an operation for strangulated hernia; that he was afflicted with kidney trouble; that he was infirm to the extent of being almost helpless; that in September, 1899, he was unable to walk even an inconsiderable distance without assistance. The son, with whom he was living, and the defendant both testified that he never was away from Lincoln during that entire year; that he could not have made a trip to McCook without assistance. Their testimony is corroborated quite strongly by four other witnesses, one of whom was the grocer with whom they traded, whose

store was in the same block. This testimony affects an important link in plaintiff's chain of title, and is sufficient to sustain the judgment of the trial court. It is insisted by plaintiff that the record does not reveal whether or not the court considered this question, or, in other words, that the record does not show that it was upon the strength of this testimony that the court directed a verdict in favor of defendant. As this testimony presents the most important question in the case, and the only theory upon which the court could properly have directed a verdict for defendant for the whole of the premises in controversy, we must assume that the court found that the deed from Samuel Harvey to John E. Kelley was a forgery. This being an action at law, and this testimony being sufficient to sustain the action of the court in directing a verdict for defendant, and to support the judgment, we cannot interfere.

The judgment of the district court is therefore

AFFIRMED.