FRANK J. PRUCHA, APPELLEE, V. LOUIS C. COUFAL, APPELLANT.

FILED JUNE 22, 1912. No. 16,631.

1. **Landlord and Tenant: RELEASE OF LESSEE: EVIDENCE.** The lessee of premises leased by him from the lessor is not released from the conditions of his contract to pay rent simply because he abandons the premises, and, where the undisputed fact is that the owner and lessor of the premises at all times refused to release him from the terms of his contract of lease and to accept a new occupant, there is no question of fact to submit to the jury.

2. **Trial: DIRECTING VERDICT.** The evidence examined, and it is *held* that there was no question of fact to submit to the jury, and that the motion of the plaintiff for a directed verdict in his favor and against the defendant was properly sustained.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Matt Miller,* for appellant.

*George W. Wertz* and *L. S. Hastings, contra.*

HAMER, J.

Louis C. Coufal, the appellant in this court, was the defendant in the district court for Butler county. He seems to have leased from the plaintiff in the case, Frank J. Prucha, certain lots in the village of Howell, Colfax county, Nebraska, for a term of five years from the 1st of January, 1906. He was to pay $40 a month on the first day of each month. He took possession of the buildings on the lots on the 1st of January, 1906. He used the lots and buildings in conducting a general store. He paid the monthly rent until the 1st day of July, 1906, and for 7 or 8 days thereafter, at which time he yielded possession of the buildings and lots and turned the same over to the possession of one Adams, to whom he had sold his stock of goods. Adams paid rent up to the month of

October, 1906, and for 7 or 8 days thereafter. Then he seems to have quit.

The plaintiff brought suit against Coufal. He set up the fact of the lease to Coufal, and that Coufal had removed from the premises, and that he had refused to pay any portion of the rent since October, 1906. He claimed in his petition that he had used diligent efforts to rent the premises to the best possible advantage since that date, and that he had succeeded in renting the premises for certain sums of money of small amount, but alleged that he was unable to rent the premises to any other person or firm, and that by virtue of the defendant's refusal and neglect to pay as provided in the lease he had been damaged in the sum of $642.

The defendant admitted making the lease as alleged in the petition, and said that he had paid to the plaintiff $280 for the term of seven months, when he removed from the premises with the consent of the plaintiff, and he alleges that after he removed from the premises the plaintiff took possession of the premises and leased the same to various parties, and received and receipted for the rent received; also that the plaintiff had possession of the premises and the buildings thereon for his own use for several months, and that while he had the use of the premises he made changes and alterations in the buildings by remodeling some parts thereof, and that he divided up the building and made a number of rooms, and used and rented the rooms after he made the same, and that prior to the commencement of this action he had leased the premises for the period of a year, and that the person to whom he leased the premises was in possession and control of the building under his said lease with the plaintiff, and that there was nothing whatever due to the plaintiff on his alleged cause of action.

To this the plaintiff filed a reply, in which he admitted that he had made certain changes and alterations in the building, but said that it was necessary to do so in order to rent the premises after the defendant had abandoned them.

There was a trial in the district court before a jury, and each side moved for a directed verdict. The court overruled the defendant's motion for a verdict and sustained the plaintiff's motion, and thereupon the jury rendered a verdict for the plaintiff in the sum of $664.42. There was a motion for a new trial, which was overruled, and judgment was rendered on the verdict.

The evidence shows that the defendant went to see the plaintiff, and told him that he had sold out his stock, and he wanted to change the lease. The defendant had sold his stock to a Mr. Haddox, who took possession of the store, and he wanted the plaintiff to take Haddox for pay, but the plaintiff testified that he refused to do so. It seems that a man named Adams was running the business when Haddox was not around. There was some correspondence. The plaintiff testified that he received from Coufal from January 1, 1906, to October $360, then he received a year's rent from one John Voborial, $250. He also received $40 from a firm named Mestl & Prucha for storing some machines. He also received $60 from Frank Chuca, who was referee of some bankruptcy stock; $28 from Frank Hefner, and from one J. B. Sewdak he got $60. He also received $50 from a firm named Bierbaum & Schinden. It is in testimony that Prucha knew that Coufal had traded his stock of goods to some one in the month of July, 1906, and that the parties who got the stock of goods were in possession of the building. It is claimed by the defendant that a Mr. Adams, who was in charge of the stock of goods, paid the rent after July, 1906, while he remained in the building. After Adams ceased to manage the stock of goods which was being run by him, the plaintiff received certain goods to be applied on the rent at the agreed price of $10. The plaintiff himself testified that he had agreed to take the goods which Mr. Adams left in that building in payment for the rent of the building for eight or ten days. The improvements made were slight and for the preservation of the property, and to enable the occupation of the

premises by the persons who paid rent for which the defendant was given credit. There was a stipulation between the parties, part of which was read: "It is hereby stipulated and agreed between the plaintiff and defendant that plaintiff rented a portion of the premises in question in this case to one Frank Hefner some time after defendant removed therefrom at an agreed price of $4 per month, and that said Frank Hefner paid on said rent the sum of $28 prior to the commencement of this suit, and that said rental was made without the knowledge or consent of defendant." The testimony taken and stipulation show that there was a lease of the premises, and that the plaintiff never released defendant from the conditions of the lease, although he was requested to do so and hold the purchaser of the stock of goods liable for the remainder due on the lease. As there was no question of fact to submit to the jury, the motion of the plaintiff to instruct the jury to find a verdict in his favor and against the defendant in the sum of $664.42, with interest at the rate of 7 per cent. from February 15, 1909, was properly sustained.

In addition to what has been said, the rule adopted in *Howell v. Bowman*, 89 Neb. 389, would seem to dispose of the case. In that case it was held that the findings of the trial court in a law action would not be set aside simply because such findings did not comport with the conclusion which this court as triers of fact might have reached; in order to justify a reversal of the findings of the court below, in a law action, on a question of fact, such findings must be shown to be clearly wrong; and where each party to a trial requests the court to direct a verdict in his favor, he waives the right to thereafter insist that any question of fact should have been submitted to the jury.

In the instant case the plaintiff moved the court to instruct the jury to find a verdict in his favor and against the defendant, and the defendant moved the court to instruct the jury to return a verdict for the defendant in

the case. As both plaintiff and defendant moved the court for a directed verdict, all questions of fact involved in the case were withdrawn from the jury and submitted to the court for its determination. *Martin v. Harvey,* 89 Neb. 173; *Dorsey v. Wellman,* 85 Neb. 262.

The judgment of the district court should be, and it is,

AFFIRMED.