STRANG STATE BANK, APPELLANT, V. UNION LUMBER COMPANY: SARAH S. BOLTON ET AL., EXECUTORS, INTERVENERS, APPELLEES.

FILED OCTOBER 31, 1930. No. 27066.

C. M. *Skiles* and *I. D. Beynon,* for appellant.

*Perry, Van Pelt & Marti, C. C. Cartney* and *John J. Wilson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and LESLIE, District Judge.

LESLIE, District Judge.

A prior hearing was had in this case before the commission and an opinion rendered affirming the judgment of the district court. A rehearing was granted, however, and the case is now before this court for decision.

The appellant, Strang State Bank, hereafter referred to as plaintiff, brought this action in the district court for Nuckolls county against the Union Lumber Company, defendant, on a promissory note executed by said lumber company to one Monroe Bolton, now deceased. It is claimed by plaintiff that Monroe Bolton, payee, transferred the note by indorsement and delivery to the plaintiff, and that the plaintiff is the owner and legal holder thereof. The defendant, by its answer, admits the execution of the note, but denies that plaintiff is the owner thereof. The executors of the estate of Bolton, payee, intervened, and by answer and cross-petition deny the averments of the plaintiff's petition, except as to the execution of said note, and claim that the estate of Monroe Bolton, payee, is the owner of the note. A jury was waived and at the conclusion of

the evidence the court found for interveners and dismissed plaintiff's action against the defendant.

Ten assignments of error are relied upon by the plaintiff, but we need consider but four of these: (1) That the decision is not sustained by sufficient evidence; (2) that the court erred in admitting exhibit 2 offered by the interveners, for the reason that it showed on its face it had been altered and mutilated; (3) that the court erred in sustaining objections of the interveners to evidence offered by the plaintiff; (4) that the court erred in admitting evidence tending to show that the indorsement on the back of the note in question was not the genuine indorsement of M. Bolton, the payee named in the note.

The second and third assignments above will be considered together since they relate largely to exhibit 2, which it is claimed by the plaintiff the court improperly received in evidence. Exhibit 2 is as follows:

"Detach                                    March 15, 1927.

"Received of M. Bolton, note of $500 Union Lumber Company, same being property, however, of M. Bolton.

"(Signed) Len J. Davis,

"Fred Messman."

It definitely appears that it was detached from another piece of paper along a perforated line at the top made by a typewriting machine. The plaintiff objected to the trial court receiving this exhibit in evidence upon the theory that it had been altered and mutilated after it was given by the officers of the bank, and that it was not shown that the note mentioned in the exhibit was the note sued upon. Witness Messman, cashier of plaintiff bank, testified as follows: "Q. 611. I will ask you to state whether exhibit 2 there, those signatures were on there when you saw them in that condition, whether that instrument was in that condition when those signatures were placed on there? A. The way I recollect it, this has been detached from another part. Q. 612. There was another part on above? A. On above, yes. Q. 613. And did that other part refer, as you remember it, to this note? Objection by Mr. Perry. Defendants object as not cross-examination. Overruled. Ex-

ception. A. Yes, sir. Motion by Mr. Beynon. Plaintiff moves to strike the testimony relative to exhibit 2 and to strike the exhibit from the record for the reason that the witness has testified that it was not in the form in which he signed it and it had been mutilated, detached, and a part of it isn't here and introduced in evidence. Objection by Mr. Perry. Defendants object to the motion as not cross-examination, and incompetent under section 8836. Sustained. Exception. Q. 614. Mr. Messman, you have testified, if I correctly understood it, that when you signed that exhibit 2 there was another part to it which doesn't appear there now? A. That is the way I remember it. Q. 615. Did you detach that, did you cut that other part off? Objection by Mr. Perry. Defendants object as immaterial, incompetent, not proper cross-examination. Sustained. Exception. Q. 616. At the time this instrument was executed, was it your intention that a part of it should be detached from this which appears here in court at the present time? Objection by Mr. Perry. Defendants object as not proper cross-examination, self-serving, incompetent, immaterial, not tending to prove or disprove any issue in this case, and further it is not admissible under section 8836. Sustained. Exception. Q. 617. I notice the top of this exhibit in typewriting, 'Detach.' Do you recall, Mr. Messman, whether or not that was on this slip of paper on which you signed, at the time you signed it? A. This 'detach?' Q. 618. The word 'detach?' A. I don't remember." The foregoing is all the material evidence we find in the record that has to do with the claimed alteration or mutilation of exhibit 2.

We think the trial court should have sustained the defendants' objection to interrogatory No. 613 asked by the plaintiff's counsel, as the instrument itself, from which it is claimed exhibit 2 was detached, is the best evidence of what its contents are. If it was unobtainable, plaintiff's counsel should have shown this and laid a foundation for oral testimony. This was not done, and the court should have, and probably did, ultimately disregard the answer of the witness. But, aside from this, if we assume that the

court did not commit error in permitting the witness Messman to testify in answer to interrogatory No. 613, yet there is nothing in the record to discredit exhibit 2 as a receipt given by plaintiff bank to Bolton for the note in question. The answer of witness Messman is that the writing on the piece of paper from which it is claimed exhibit 2 was detached related to the note sued upon. Exhibit 2 is an ordinary receipt, unambiguous, and signed, admittedly, by Davis, vice-president, and Messman, cashier, of plaintiff bank, delivered by them to Bolton, payee named in the note, and sufficiently descriptive of the note sued upon. That it was detached along a perforated line from another piece of paper, the contents of which were not disclosed to the trial court, does not take from it its character as an independent instrument. It is as complete and separable from the part of the paper that related to the note as an interest coupon, payable to bearer and detached from a mortgage bond or note, would be. The receipt being complete in itself, evidence that it was detached from another paper is not proof of multilation, and does not place the burden upon the defendant to explain the circumstances of the detachment, in the absence of evidence that the receipt and the paper from which it was detached were intended to be construed together.

We think it is scarcely necessary to discuss the contention of the plaintiff that it was error for the court to admit evidence with reference to whether the indorsement on the back of the note (exhibit 1) was in the handwriting of the payee. The petition alleges that Bolton, payee, indorsed and delivered the note to plaintiff, and that plaintiff thereby became the owner of said note. The defendant, Union Lumber Company, admits the execution of the note, but specifically denies that plaintiff is the owner of it. Interveners likewise deny that plaintiff is the owner of the note and assert that it is the property of the estate of the payee, now deceased. The sole question to be determined is whether plaintiff is the owner of the note sued upon. The plaintiff's claim of ownership is based specifically on the alleged indorsement of the name of the payee on the back

of the note. In the circumstances, we think the burden was upon plaintiff to prove the genuineness of the indorsement. Evidence was offered by defendant and interveners that the indorsement, "M. Bolton," on the back of the note is not in the handwriting of Bolton. The plaintiff offered testimony of as many or more witnesses who testified that the indorsement is in their judgment in the handwriting of the payee. In volume, perhaps, more evidence was offered by plaintiff to sustain its claim that the signature is that of Bolton than was offered by defendant and interveners. However, the trial court was the sole judge of the credibility of the witnesses, and the weight to be given to their testimony, and it found, as a question of fact, that the note was not the property of the plaintiff. It has long been the rule of this court that findings of fact made by a lower court in the trial of a law action will not be disturbed on appeal if there is sufficient competent evidence to support the findings. *Dorsey v. Wellman,* 85 Neb. 262.

In our judgment, there is ample evidence in the record to support the judgment of the lower court, and it follows that the judgment of the trial court should be, and is,

AFFIRMED.