WILLIAM VON DOHREN V. JOHN DEERE PLOW COMPANY.

FILED MARCH 2, 1904.   No. 13,304.

1. Sale: IMPLIED WARRANTY. The law is well settled that the purchaser of personal property, under an implied warranty that the same is well made and reasonably suitable for the purposes for which it is purchased, has a reasonable time within which to test the same to determine whether· or not it is as warranted, and such question is ordinarily one for the jury.

2. Contract: RESCISSION. After he has made the test, and has discovered all of the defects which he claims exist, and calls the attention of the seller thereto, and the seller refuses to make any changes but insists that the article is as represented, the purchaser must at once return it, or his right to do so will be lost.

3. ———: AFFIRMANCE. In such case, where the property is a corn sheller, purchased for custom work, and the purchaser continues to use the machine, after such refusal by the seller, for a day and a half, and until he has finished all the work he has on hand, and then keeps the machine in his shed for twenty-four days before offering to return it, it will be *held*, as a matter of law, that he has elected to affirm the contract as made.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John T. Cathers* and *J. O. Detweiler,* for plaintiff in error.

*F. A. Brogan, contra.*

FAWCETT, C.

Defendant in error, hereinafter styled plaintiff, brought this action in the court below to recover from plaintiff in error, hereinafter styled defendant, the value of a corn sheller, which plaintiff alleges it sold and delivered to

defendant on June 13, 1901, for an agreed price of $487.18.

For answer, defendant admits that he ordered the sheller, admits that he refused to pay plaintiff therefor, and denies each and every other allegation contained in the petition.

For further answer, defendant alleges that he is a dealer in agricultural implements and purchased the sheller for one Fred H. Voss, to whom the said machine was delivered by plaintiff, on his order; that the machine was defective in several respects set out in the answer; that it would not do the work for which it was intended, in a satisfactory manner; that the machine was purchased from plaintiff under an implied warranty that it was a new machine, and a machine reasonably suitable and fit for the purpose for which it was intended and ordered, and that it would do the work for which it was intended to be used, in a reasonable, proper and suitable manner. For reply, plaintiff admits that it sold the machine to defendant on an implied warranty, as alleged, but denies each and every other allegation in defendant's answer, except such as are contained in plaintiff's petition.

The evidence shows that Voss took the machine to his home, near Millard, in Douglas county, and on June 13, 1901, set the same up for work and shelled corn with it that day. The machine not operating to Voss' satisfaction, he reported the matter to defendant who, in turn, reported it to plaintiff. That plaintiff's expert, one R. J. Teare, went to Millard a few days thereafter to inspect the machine, but Voss was not shelling that day, so it was agreed that he, Teare, should return again on June 25. On the 25th of June, Voss started to shell corn at the farm of John Seibord, about 6 o'clock in the morning, and continued to shell at that place until 6 in the evening. Mr. Teare appeared on the scene about 11 o'clock in the forenoon and inspected the machine, watching its operations until they quit for dinner. After dinner he again went out and watched the working of the machine for about three-quarters of an hour. He testifies that during all

the time he was there the machine was running perfectly and doing its work well in all respects; that Voss called his attention to the matters he was complaining about and wanted him to make several changes in the machine; that he refused to make any of the changes or do anything about the matter, except to give Voss an order on the defendant for the material for rebabbitting one of the boxes, which would cost about 40 or 50 cents, instructing defendant to charge the same to plaintiff; that Voss accepted the order and said he would have it done. He testifies, positively, that he then and there refused to make any of the other changes or betterments which Voss called for. This testimony is corroborated by the cross-examination of Voss, himself, as appears on page 55 of the bill of exceptions.

After this interview, Teare left the place and returned to his home in Omaha. Voss continued to run the sheller all that afternoon until 6 o'clock, at which time he finished the job of shelling he had for John Seibord. He then moved his machine to the farm of Henry Reimer, where he shelled something over 200 bushels of corn, after supper that evening. The next day, June 26, he moved the machine to Charles Seibord's, where he ran it all day and until he had finished the shelling at that place. Having finished all the work he had on hand, he then hauled the machine home, put it in his shed and permitted it to remain there from that time, June 26, until July 20, when he hauled it to plaintiff's place of business in Omaha, and demanded a rescission of his contract. Plaintiff refused to receive the machine, so Voss left it on one of the public streets of Omaha, near plaintiff's place of business, and went away. The machine has remained there until this time.

After both sides had rested, plaintiff moved the court to direct a verdict in favor of the plaintiff for the amount of its claim. The court overruled the motion, and submitted the case to the jury. After the jury had been out for some time, it returned and asked for further instruc-

tions, which the court gave, and, soon thereafter, the jury returned a verdict in favor of the plaintiff for the full amount claimed in its petition, with interest, upon which, after overruling defendant's motion for a new trial, the court entered judgment.

Numerous errors are assigned by defendant as to the giving and refusing of instructions, and particularly as to the giving of the instructions given by the court after the jury had once retired; and extended arguments are made in the briefs of the parties as to whether the contract was an executory or an executed contract. Under our view of the case, it is unnecessary to pass upon any of these questions. It is immaterial whether the contract is an executory or an executed contract, or whether the court correctly stated the law in its instructions or not, as, under the pleadings and evidence, there could not be any other result than the one which was reached. We think the court should have sustained plaintiff's motion to direct a verdict. The law is settled, beyond all question, that the purchaser of personal property like that in controversy, under an implied warranty, has a reasonable time to test the same to ascertain whether or not it is as warranted, and, ordinarily, this would be a question for the jury; but, after he has made the test, and has discovered all of the defects which he claims exist, and calls the attention of the seller to these defects, and the seller refuses to make any changes, but insists that the machine is as represented, the buyer must at once return the property. He can not keep it and use it for any length of time thereafter, and certainly he could not continue to use it until he had finished the work in hand, and then put it in his shed and keep it for nearly a month, and claim that he had acted with promptness or even within a reasonable time. When Teare told Voss, on the afternoon of the 26th of June, that he would not make any of the changes Voss demanded, and Voss continued to use the machine until he had finished all the work he had on hand, and then kept it for over three weeks in his shed before making any at-

tempt to return it, he thereby ratified the contract as made.

We recommend that the judgment of the district court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.