HERMAN MUNDT, APPELLANT, v. JOHN M. SIMPKINS ET AL., APPELLEES.

FILED MARCH 5, 1908. No. 15,082.

1. Contracts: AFFIRMANCE. As a general rule a party who counter-claims for damages for breach of a contract will be held to have affirmed it, and cannot be heard to assert its nonexistence because of its recission.

2. Sales: RESCISSION. An exception to the rule above set out may exist where one expends money or material in the improvement of property before discovering the fraud by which he was induced to purchase it, or where the purchase is made on a warranty of its fitness for a prescribed use, and repairs are required to be made before the article can be tested and its fitness for the use ascertained. In such cases the purchaser may rescind the contract of sale and recover the reasonable cost of improving the property or of repairs made thereon.

3. ———: ———. A sale of personal property with a waranty of its fitness for a prescribed use may be treated as a sale upon condition subsequent at the election of the purchaser, and in the event of a breach of the warranty the property may be restored and the sale rescinded.

4. ———: ———. In order to work a rescission, it is not sufficient for the purchaser, who has taken delivery of the goods at the vendor's place of business, to give notice to the vendor that he holds the goods subject to his order, or that the goods are at a designated place subject to his disposal. The goods must be returned to the place where accepted, unless, upon an offer to return, such offer is refused by the vendor.

4                              (1)

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Reversed.*

*Ray J. Abbott* and *Landis & Schick*, for appellant.

*J. R. Swain* and *T. P. Lanigan, contra.*

DUFFIE, C.

In August, 1903, the defendants, Simpkins and McCune, purchased from Mundt, the plaintiff, a second-hand steam traction engine, belting, and water wagon, for the sum of $225, for which they executed their promissory notes. Plaintiff brought suit on these notes in the county court of Greeley county, and from a judgment entered in favor of the defendants he appealed to the district court, where judgment again went in favor of the defendants. He brings this appeal.

Plaintiff's petition was the ordinary one declaring upon negotiable paper. In their answer defendants allege that at the time they purchased the engine plaintiff represented it to be in good working condition and warranted it to be capable of performing the services for which they were purchasing it, to wit, running a 13 or 14 horse power separator, which separator, plaintiff informed them, he had seen, and knew the engine to be capable of operating; that he represented to them that originally the engine was a 12 horse power engine, but that he had procured the cylinder to be bored out, and that it was then equal to a 13 horse power engine, and guaranteed it to do the same work that a 12 horse power engine would do; that, relying upon these warranties, and not knowing to the contrary, they purchased the engine, and executed their notes to the plaintiff for the consideration agreed on. They further allege that at the time of making this purchase they were unskilled in the construction and working of steam engines, and so explained to the plaintiff, and relied solely upon the representations of the plaintiff regarding the condition, capacity and power of

the engine. They further allege that the engine as originally constructed was only 10 horse power; that it was badly out of repair and wholly unfit to do the work for which it was purchased; that the engine was purchased from the plaintiff at Utica, Nebraska; that it was tested at Greeley Center, Nebraska, where defendants commenced the work of threshing; that it was wholly inadequate to run their separator; that many parts of the engine had to be repaired; and that upon discovering the failure of the engine to meet the warranty given them they notified the plaintiff in writing that they would not keep or pay for it, that it was on the railroad right of way at Greeley Center, Nebraska, subject to his order, and that he might govern himself accordingly. A second count of the answer set up what is denominated a "counterclaim" for repairs to the engine, loss of time, payment of freight, etc., amounting to $100, for which the defendants pray judgment.

Upon what theory the defendants expected to wholly defeat the plaintiff's action by showing a rescission of the contract, and at the same time recover upon such contract by way of counterclaim, is not explained in their brief. The law is too well settled to need discussion that if a party elects to rescind a contract he cannot sue thereon to recover damages for its breach, and if he affirms the contract by suing for a breach he cannot thereafter rescind. An exception to the general rule exists in case where one expends money or material in the improvement of property before discovering the fraud by which he was induced to purchase it. In such case he may rescind the contract of sale, return the property, and recover for what he has necessarily expended, as the vendor gets the benefit of the improvements made upon the property when the same is returned to him. *Farris v. Ware*, 60 Me. 482. In the case we are considering the circumstances all tend to show that the parties understood that no test of the engine was contemplated until it was taken to Greeley Center, where the purchasers resided and were

to use it.   For any improvements or repairs which were rendered necessary in order to transport it to Greeley Center, or to test it after arriving there, the defendants could recover had they rescinded the contract.

As the verdict of the jury was in favor of the defendants, it is evident that they found that the contract had been rescinded.  This requires us to examine the answer filed and the evidence offered by the defendants in support thereof, to ascertain if the verdict can be upheld.  In the first place it might be observed that there are no facts alleged in the answer showing a rescission.   The facts relied upon to show rescission by the defendants are stated in the following language: "That immediately upon discovering the defects set out the defendants notified the plaintiff in writing, at Utica, Nebraska, of the same, and that said engine was not the same as represented to be by him; that it would not do the work guaranteed by him, and that it was worthless to the defendants; that they could not or would not keep it or pay for it; that it was on the railroad right of way at Greeley Center, Nebraska, subject to his order, and that he could govern himself accordingly."   It is undoubtedly the better law that a sale of personal property with a warranty of quality, even without fraud on the part of the vendor, may be treated as a sale upon conditions subsequent, at the election of the purchaser, and in the event of a breach of warranty the property may be returned and the sale rescinded, since a breach of the warranty may be equally injurious to the buyer, whether the vendor acted in good faith or bad faith.  *Milliken v. Skillings,* 89 Me. 180, 36 Atl. 77.   The right of rescission is limited to cases where the seller can be put substantially in the position which he occupied before the contract, and this makes it the duty of the buyer, who would rescind for breach of warranty for quality, to restore the seller substantially to his former position, and requires him to return or tender back to the seller whatever of value to himself or to the other he has received under it.   As stated in *Milliken v. Skil-*

*lings, supra:* "The word 'offer' is frequently used by courts and text writers as synonymous with 'tender,' and it may be properly so used with reference to articles capable of manual delivery and actually produced. But, with respect to heavy articles of merchandise situated at a distance from the place to which they must be transported if restored to the vendor, the phrase 'offer to return' is more commonly and aptly applied to express a willingness, or to make a proposal to rescind the contract and return the goods. It is not sufficient, however, for a buyer who has taken delivery of the goods at the vendor's place of business, merely to express a willingness or make a proposal to return the goods, or simply to give notice to the seller that he holds the goods subject to his order, or to request him to come and take them back. But, if he would rescind the contract, he must return or tender back the goods to the seller at the place of delivery, unless upon making the offer so to do he is relieved of the obligation, as stated, by a refusal to receive them if tendered."

The above quotation states with clearness and exactness the duty of a vendee who seeks to rescind on account of breach of warranty of quality, and, measured by this rule, the defendants' answer is fatally defective, and their evidence does not in the least tend to cure the defects found in the answer. The only evidence offered upon the question of rescission was that of the defendant Simpkins. He testified that after testing the engine at Greeley Center he wrote and addressed a letter to the plaintiff at Utica, informing him of the failure of the engine to do the work for which it was purchased, and that the engine was at Greeley Center, on the railroad right of way, subject to his order. This letter was not deposited in the post office, but was given to the party who had the contract of carrying the mail sacks to and from the railway station, with a request that he should mail it on the mail car of the departing train. The plaintiff denies having received the letter. There is no presumption that it ever reached him,

it not being shown that it was deposited in the United States mail; but, had the evidence shown the receipt of the letter by the plaintiff, still it contained no offer to return the engine at the defendants' expense, the inference from the language used being that the defendants expected and required the plaintiff to receive the engine at Greeley Center, many miles distant from his place of residence, where it was delivered to the defendants. The attempt to show a rescission signally failed, and that question, under the evidence and pleadings in the case, should not have been submitted to the jury.

We recommend a reversal of the judgment and remanding the cause for another trial.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.