PARKS STATE BANK, APPELLANT, V. JOSEPH FERNHOLZ,
APPELLEE.

FILED FEBRUARY 13, 1924.   No. 22653.

1.  Corporations: PURCHASE OF STOCK: RESCISSION.  In order to
    entitle a purchaser of corporate stock to a rescission of the con-
    tract of purchase, he must allege and prove notice to the ven-
    dor of his election to rescind, and a return, or offer of return,
    of the property.  Mere deposit of stock certificate with disinter-
    ested third person with instructions to get back note given for
    stock and turn over certificate is not sufficient.

2.  Evidence examined, and *held* insufficient to sustain verdict.

APPEAL from the district court for Cedar county; GUY T.
GRAVES, JUDGE.  *Reversed.*

*B. Ready,* for appellant.

*P. F. O'Gara* and *R. J. Millard, contra.*

Heard before LETTON, ROSE and DAY, JJ., ELDRED and
REDICK, District Judges.

ELDRED, District Judge.

Plaintiff in its petition declares upon a promissory note of
$500 executed January 20, 1920, by defendant to Stevenson
Lumber Corporation, due six months after date.  The peti-
tion further alleges:  " That subsequent to the execution
and delivery of said note, and prior to the maturity thereof,
the said Stevenson Lumber Corporation sold, assigned and
delivered said note to the plaintiff and plaintiff is now the
owner and holder thereof; that at the time said note was
sold to plaintiff said Stevenson Lumber Corporation in-
dorsed said note as follows: 'Stevenson Lumber Corpora-
tion, by I. J. Riley, Treas.' "  The answer specifically admits
the making and delivery of note.  It further alleges that the
note was obtained from defendant through fraud and mis-
representation of facts; that it was represented that said
corporation was the owner in fee of several sections of tim-
ber lands in the province of Alberta, Canada, and in the

state of Oregon, and owned valuable milling, terminal and railroad properties in the state of Oregon; and further represented that said corporation would on or before March 1, 1920, establish retail lumber yards in various towns and cities in northeast Nebraska, and particularly at Hartington; that, relying upon said representations, defendant purchased stock of said Stevenson Lumber Corporation and executed his notes therefor, in the sum of $1,500, of which the note sued upon is one; that said representations were false; that said corporation was not owner of any timber lands, nor of any milling, terminal or railroad properties; and said Stevenson Lumber Corporation neglected and refused to place lumber yards in northeast Nebraska, and especially at Hartington, which was one of the inducements to the giving of said note for the corporate stock; that said note is without consideration. Defendant further answering pleaded affirmatively that plaintiff is not an innocent purchaser of said note for value before maturity. Plaintiff by way of reply denies all allegations of new matter in answer.

The answer contains no general or special denial of the allegations of plaintiff's petition. From a verdict and judgment for defendant, plaintiff has appealed.

While a number of errors are assigned, the only one urged is that the verdict is not supported by the evidence.

Defendant apparently seeks to avoid liability on the note by claiming a rescission of contract, on the grounds of false representations and failure of consideration. Some testimony is contained in record tending to establish that plaintiff is not a holder in due course of the note sued upon. By the pleadings the ownership of note is admitted; and under the view we take of the case the question of *bona fides* of purchase is not material.

The record contains no evidence that any of the alleged false representations were ever made, or, if made, that they were not true, except the plaintiff testified that the Stevenson Lumber Corporation agreed to locate a lumber yard at Hartington, and that it never has established a lumber yard

Parks State Bank v. Fernholz.

at Hartington. The failure to establish the lumber yard at Hartington, under the facts in this case, is more in the nature of a partial failure of consideration than element of actual fraud.

The only evidence as to false representations or statements made as an inducement to secure the execution of note sued upon was the testimony of plaintiff, in substance, that at the time he gave note it was stated to him relative to stock he was about to purchase, that they were going to install a lumber yard at Hartington; that they had a big mill in Washington, and that they would put a lumber yard in before March 1, 1920; that in negotiating to purchase the stock in said corporation he relied on the statements of I. J. Riley as to the value of the stock, and as to what they would do in putting lumber yard in at Hartington, and that said Stevenson Lumber Corporation never did put a yard in Hartington.

As to the value of stock, plaintiff testified that he had a conversation with J. G. Riley about the time of trial in county court. And, in answer to a question as to what the conversation was, replied: "Well, he said he didn't believe the stock was worth anything, that it was a wildcat scheme, that is what he thought." The witness further testified: "Q. And isn't this what he said to you, that he didn't know anything about the stock, it might not be worth anything? A. He thought it wasn't worth anything, but he didn't know, of course. Q. He said he didn't know? A. Yes; he said he didn't know."

Touching the same subject, witness J. G. Riley testified: "Q. Did you during that conversation at any time remark to him that you knew it was a wildcat scheme? A. I don't remember that being made, in substance I said that perhaps the stock might not be worth a dollar, but that I didn't know."

As to tender back of stock, defendant testified: "Q. Mr. Fernholz, as to the stock that you received from the Stevenson Lumber Corporation, what, if anything, did you do relative to returning it or advising the Stevenson Lumber Cor-

poration that you did not wish to retain the stock? A. I turned it over to the Farmers State Bank at Wynot, Percy Sullivan, and told him to get back those notes and turn over this stock. * * * Q. Mr. Fernholz, this stock that you got from the Stevenson Lumber Corporation is still in the Farmers State Bank at Wynot? A. I guess it is." There is no evidence that either the Stevenson Lumber Corporation or the plaintiff was ever advised that the stock was at the bank at Wynot.

While plaintiff testified he relied upon the statement of I. J. Riley as to the value of the stock, he does not state what Riley stated the value to be. The answer does not allege, and the evidence does not disclose, what the value of stock would have been if as represented, nor its value without the location of the lumber yard at Hartington. Neither does it disclose that it had no value. The answer does not plead a return or tender back of stock, and none was proved at the trial.

Treating the case of defendant, made by his answer and evidence, as a claim for rescission, it is insufficient, as the answer contains no sufficient allegation of rescission, and there is no proof that defendant ever rescinded or returned or offered to return the corporate stock either to the Stevenson Lumber Corporation or plaintiff. Such allegations and proof are necessary to sustain an action for rescission. *Sherrill v. Coad*, 92 Neb. 406.

It was the duty of defendant if he would rescind the contract for a partial failure of consideration to put the Stevenson Lumber Corporation, or plaintiff as its assignee, in substantially the position it occupied before the contract, and it required him to return or tender back whatever of value to himself he had received under it. It was not sufficient that the defendant may have deposited the stock with some disinterested third party with instructions to get back the notes and turn over the stock. *Mundt v. Simpkins*, 81 Neb. 1.

If defendant's case were to be treated as one for damages for breach of contract, there is nothing either in the answer

or proof from which any damage could be calculated or determined.

The evidence not being sufficient to sustain the verdict, it follows that the case must be reversed and remanded for further proceedings.

REVERSED AND REMANDED.