WINCEL SEDLACEK, APPELLANT, V. WELPTON LUMBER COMPANY, APPELLEE.

FILED FEBRUARY 13, 1924.   No. 22636.

1. Sales: BREACH OF WARRANTY: RESCISSION. A sale of personal property with a warranty of its fitness for a prescribed use may be treated as a sale upon condition subsequent, at the election of the purchaser, and in the event of a breach of the warranty the property may be restored and the sale rescinded.

2. ——: ——: ——. In such case the purchaser must rescind promptly, and notify the seller of his intention to rescind within a reasonable time after the breach is discovered, or his remedy will be confined to an action for damages.

3. Evidence examined, and *held* as a matter of law insufficient to establish a rescission.

APPEAL from the district court for Keith county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Hoagland & Carr,* for appellant.

*Halligan, Beatty, Halligan & Percy, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Action to recover the cash paid and to cancel a note given for the purchase of a farm tractor. The action is based upon an alleged rescission of the contract by plaintiff for breach of warranty that the tractor was suitable for and would do the work for which plaintiff intended to use it. The petition alleges that on April 23, 1920, plaintiff purchased of defendant a Wallace Cup Junior Tractor upon representations of defendant that it would pull three plows in any condition of soil, and that it would pull an eight-foot tandem disc with press drills on high, and that, though a second-hand tractor, it had a new motor; that said representations were false; that it would not do the work as represented, and that it was of no value to plaintiff; that upon learning that it would not work he orally rescinded the contract, and later served a written notice of rescission upon defendant and returned the tractor to defendant's place of business, and demanded return of $350 cash paid and his note for $990 given for the purchase price, all of which was refused. The answer admitted the sale of the tractor, but denied all representations, and alleged that the failure of the tractor to work was due to the inexperience and negligence of plaintiff. These allegations were put in issue by the reply.

. The case was tried to a jury, but at the close of plaintiff's case, on motion of defendant, the court instructed the jury to return a verdict for defendant. Judgment followed expressly stating it was without prejudice to future action for damages, and, upon motion for new trial being overruled, plaintiff appeals.

The evidence presented for plaintiff, for the purposes of the appeal, must be taken as true, and is sufficient to sustain a finding that the warranty and representations were made, and that the tractor failed to do the work for which it was intended. Except as to the "new motor" the representa-

Sedlacek v. Welpton Lumber Co.

tions were in the nature of warranty, and are so treated by the parties. Whether the expression "new motor" was intended to mean an unused motor complete in all its parts, or one newly fitted, or a new type of motor (it being shown that a tractor of that make had been a failure), might be for the jury upon consideration of the circumstances under which the words were used. But the real complaint is that the tractor would not do the work, and if this be so, it would be immaterial what kind of motor it had.

Two questions then are for decision: (1)   Is the contract one which may be rescinded? (2) Was there a rescission by plaintiff?

On the first question, appellee contends that, inasmuch as the contract had been completely executed by the delivery of the tractor, plaintiff's only remedy was for damages for breach of warranty, as it was not a part of the agreement that it might be returned if not as warranted. The weight of authority is said to support this position, 35 Cyc. 138, where a case from this state, *Mundt v. Simpkins,* 81 Neb. 1, is cited as announcing it. The same authority proceeds: "There are, however, many decisions holding that the buyer may rescind an executed contract merely on the ground that there has been a breach of warranty, and it seems to be the established rule in some jurisdictions"—and cities the same case of *Mundt v. Simpkins, supra.* It will therefore be instructive to see just what was there decided. The action was upon promissory notes given in the purchase of a secondhand steam traction engine, and the answer set up representations and warranties of a similar character to those in the present case, and notification to the seller that he would not keep it and that it was subject to the seller's order. A counterclaim for repairs to the engine, loss of time, payment of freight, etc., amounting to $100, was also included, for which judgment was prayed. Judgment went generally for defendants, on the ground, as stated in the opinion, that the contract had been rescinded, doubtless because if it had been upon the counterclaim it would have been for some amount. The court then held that no facts

were pleaded or proof made to establish a rescission by defendant, and stated the rule (page 4) : "It is undoubtedly the better law that a sale of personal property with a warranty of quality, even without fraud on the part of the vendor, may be treated as a sale upon conditions subsequent, at the election of the purchaser, and in the event of a breach of warranty the property may be returned and the sale rescinded, since a breach of the warranty may be equally injurious to the buyer, whether the vendor acted in good faith or bad faith"—citing *Millikin v. Skillings*, 89 Me. 180. If this is a binding authority, we should follow it, notwithstanding the law in other jurisdictions, at least until convinced that justice requires a different holding.

But plaintiff contends that the above statement is "wholly dictum" and not controlling upon the court in this case. We are unable to yield our consent to this contention. A dictum has been defined: "An opinion expressed by a court upon some question of law which is not necessary to the decision of the case before it." 1 Bouvier, Law Dictionary (3d Rev.) 863. This is a strict definition and is subject to many qualifications, as stated by the author. But taking it as it is, how can it be maintained that a statement of the rule in question was not necessary to a decision of the *Mundt* case? The question before the court was the sufficiency of the pleadings and evidence to support the judgment. This required a determination of the right to rescind, as the verdict was based upon the finding that the contract had been rescinded. Having announced the rule, the court proceeds to discuss the acts necessary to accomplish such rescission, and holds, with the Maine court, that it is not sufficient to merely give notice that he holds the goods subject to the order of the seller, but "must tender back the goods to the seller at the place of delivery, unless upon making the offer so to do he is relieved of the obligation, as stated, by refusal to receive them if tendered." It seems clear that the court was under necessity to state the rule in order to decide whether defendant's allegations brought his case within it. The case was tried in the lower court as though rescission had been

properly pleaded, and that question was submitted to the jury, for which error the case was reversed.

In *Union P. R. Co. v. Mason City & Ft. D. R. Co.*, 199 U. S. 160, 166, it was said: "Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called mere dictum. *Railroad Companies v. Schutte*, 103 U. S. 118, in which this court said (p. 143) : 'It cannot be said that a case is not authority on one point, because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter. Here the precise question was properly presented, fully argued, and elaborately considered in the opinion. The decision on this question was as much a part of the judgment of the court as was that on any other of the several matters on which the case as a whole depended.' " The rule announced in *Mundt v. Simpkins, supra,* on the right to rescind is not dictum. Defendant quotes from that case: "That inasmuch as the defendants were seeking to counterclaim for damages for breach of warranty or the misrepresentations, no question of rescission was involved, and that issue should not have been submitted to the jury." But the official report contains no such language, neither does the report of the case in 115 N. W. 325. Counsel may have relied upon some proposed opinion, but the final one adopted is that officially published, in which the court said: "The attempt to show a rescission signally failed, and that question, under the evidence and the pleadings in the case, should not have been submitted to the jury." In the opinion of the writer there is much more reason to claim the first syllabus as dictum, which, while it states a correct rule of law, is based upon what I conceive to be a misinterpretation of the answer, which otherwise would have claimed damages for the difference in value between the machine as delivered and as represented.

The *Mundt* case was cited as authority for the reversal in *Sherrill v. Coad*, 92 Neb. 406, which was an action to

recover the purchase price of a stallion for breach of warranty, on the theory that it was worthless, but without offer to return it. The case was also cited as an authority on the point in 27 L. R. A. n. s. 921. And in *Spiegal & Son v. Alpirn*, 107 Neb. 233, 248, it was distinguished. The rule stated in the *Mundt* case is the law in this state and controls the case at bar.

The remaining question is whether plaintiff by delay in returning or offering to return the tractor had waived his right to rescind. The tractor was purchased April 23, 1920, and delivered by defendant at plaintiff's farm April 28; the tractor could not be made to work by agents of defendant, efforts being made on several occasions up to June 10; plaintiff tried to use it on that day, and after disking about four acres, the magneto was broken off and gears stripped; plaintiff thereupon left the tractor in the field until August 10, when he hauled it to town and left it in the yard where defendants conducted their business and demanded return of his money and notes, which was refused.

The evidence fails to show any notice of rescission until August 10. On direct examination plaintiff testified that he gave no notice, attempting to excuse his failure by saying that they would not listen and would turn their backs. There was no suggestion that the tractor be taken back and price refunded, and it seems clear that these conversations were confined to complaints about the failure of the tractor to work, and that defendants in response thereto made a number of efforts to fix it, and no complaint seems to have been made between June 10 and August 10. Plaintiff relies on the following as sufficient notice: On cross-examination plaintiff was asked: "Why didn't you tell them to take the tractor back then (the time it was first delivered and would not work)? A. I told them many times. You cannot do anything with them. They always tell you, you are mistaken, it will work." This is palpably insufficient to establish a rescission, especially in view of his direct evidence. If any such demand was made, plaintiff would surely have testified to the fact on direct, giving time and

circumstances. There is no evidence of any attempt to rescind between June 10 and August 10. Whether it was necessary for plaintiff to deliver the tractor at Ogalalla in order to accomplish a rescission need not be determined. We think the district court was right in holding as a matter of law that attempted rescission came too late. *Von Dohren v. John Deere Plow Co.*, 71 Neb. 276.

The judgment is

. AFFIRMED.