JAMES SEGEAR, APPELLEE, V. GEORGE WESTCOTT, APPELLANT.

FILED NOVEMBER 22, 1906. No. 14,502.

Landlord and Tenant. The owner of land, in the possession of a tenant whose lease provides that the lessor may sell or dispose of any part thereof by making a corresponding reduction in the rent, may, without the consent of the lessee, dedicate a part thereof to the public for a highway.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE. *Reversed.*

*W. C. Lambert,* for appellant.

*J. W. Eller, contra.*

EPPERSON, C.

July 5, 1900, defendant agreed verbally to pay plaintiff $25 a month for the privilege of hauling garbage over a tract of land of which plaintiff was lessee. Defendant paid the stipulated amount until August 5, 1901, and plaintiff brings this action to recover for 22 months thereafter. Defendant admits the making of the contract, and alleges that from and after August 5, 1901, he used a public highway which the authorities of South Omaha had established over plaintiff's leased property. Plaintiff denies that the highway was established, and on this issue alone the rights of the parties depend. The facts relied on by defendant to prove the establishment of the street are substantially as follows: In June, 1901, the president of the United Real Estate and Trust Company, which was the owner of the land in controversy and plaintiff's lessor, made a written proposition to the mayor and council of South Omaha, agreeing to cause the strip of land here in controversy to be dedicated to the public as a highway in consideration of $100, payable to his company, and a further consideration that the city would

make certain specified improvements. Pursuant to this proposition the city council issued its warrant to the real estate company and proceeded with the improvement of the road substantially as specified in the proposition of the company. Afterwards the road was used generally by the public, the plaintiff herein, however, at all times maintaining that the public had no rights therein. The warrant payable to the real estate company was not called for, nor was it delivered, until after this suit was instituted, when it was delivered to the company and accepted. At no time did the company object to the establishment of the street. In the district court the jury returned a directed verdict for the plaintiff, and the defendant appeals.

The only theory upon which the plaintiff can recover is that the alleged street was established without the payment of damages to him and to the prejudice of his rights under the lease. The evidence did not disclose the contents of the lease. Defendant filed a motion for a new trial on account of newly discovered evidence, alleging that since the trial he had discovered that the plaintiff's lease reserved to the lessor the right to sell or dispose of the said tract of land, or any portion thereof, and that in the event of the disposition of a part the lessor was to refund a proportionate amount of the rent. A sufficient showing of diligence was made by defendant. He shows that he did not know the nature of the lease; that at the time of the trial the officers of the lessor, who were in possession of the lease, were not within the jurisdiction of the court; that he had no reason to believe it contained such a provision, and, further, that plaintiff had previously told defendant, and at the trial in the county court testified, that no person had a right to acquire interests in said property without plaintiff's consent. The newly discovered evidence, if as alleged, will show that plaintiff had no interest in the land which would prevent his lessor from disposing of the tract in controversy by a dedication thereof to the city for street purposes, and in such an event the plaintiff herein cannot complain

that the street was irregularly established. Ordinarily a landlord cannot dedicate any part of the property leased without the consent of the tenant. Where, however, the lease expressly provides that the landlord may dispose of a part of the land, with a corresponding reduction in the rental, such clause should be taken as a limitation of the lessee's estate and binding upon him.

The court erred in refusing the defendant a new trial, and we recommend that the judgment be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.