JAMES SEGEAR, APPELLANT, V. GEORGE WESTCOTT, APPELLEE.

FILED FEBRUARY 20, 1909.   No. 15,564.

1. Appeal: PLEADING: AMENDMENT. If the identity of the cause of
   action or ground of defense is preserved, a petition or answer
   may be amended on appeal to the district court.

2. ———: TAKING CASE FROM JURY: WAIVER. At the close of the
   evidence each party requested a directed verdict in his favor, and
   neither party requested a submission of the case to the jury.
   The court thereupon dismissed the jury and decided the case upon
   the law and the evidence. *Held,* That plaintiff cannot complain
   upon appeal of this action by the trial court.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*J. W. Eller,* for appellant.

*Lambert & Winters, contra.*

LETTON, J.

The facts in this case were stated in a former opinion,
·77 Neb. 550. The provisions of the lease under which the
plaintiff held possession of the land gave the lessor the
right to dispose of a portion of the premises. Defendant's
contention is that under this provision a street had been
opened by the city over the land, which street he used dur-
ing the time for which the plaintiff alleges he is indebted
to him under an agreement to pay a monthly rent for the
use of a private way over plaintiff's premises. At the sec-
ond trial, after both parties had introduced their evidence
and rested, the plaintiff moved the court to instruct the
jury in his favor for the amount claimed, and the defend-
ant moved the court to instruct the jury for the defendant.
These motions were submitted together, whereupon the
court upon its own motion discharged the jury and held
the case for argument and further disposition, to which
discharge and disposition of the case each party objected

and excepted, but neither requested that the case be submitted to the jury under instructions. The case was then argued and submitted to the court, which took the same under advisement, and afterwards during the term found generally for the defendant and rendered a judgment dismissing the case, from which judgment the plaintiff has appealed.

An amended answer was filed in the district court, which, the plaintiff claims, changed the issues from those tried in the county court, and at the first trial in the district court. We think that there is no merit in this contention. While the exact language is not used in both answers, the identity of the defense is preserved. The plaintiff claimed the right of recovery for the use of a private way across his premises to the Missouri river. The defendant admitted the use of the private way for a certain period, alleged payment therefor, and claimed that a public way was created across the premises to the river which he used thereafter, and that he was not indebted to the defendant for such time as he used the public way. The matter in controversy was the same and the defense was substantially identical with that alleged in the county court. This is all that is necessary. *Myers v. Moore,* 78 Neb. 448; *North & Co. v. Angelo,* 75 Neb. 381.

It is next contended that the court erred in dismissing the jury and rendering judgment. We think that the mere fact that the court discharged the jury and thereupon rendered a judgment under the circumstances in this case is of no great moment. It was irregular, but not prejudicial. Where a verdict is directed by the court, the action of the jury is ministerial in its nature. The rendition of the verdict is at most a mere form, for, if the jury should return a verdict contrary to the direction, it would be the duty of the court to immediately set the same aside. The result in this case is no different than it would have been had the court directed the jury to return a verdict for the defendant. The general rule is that, where at the conclusion of a trial both parties request a directed verdict, they

thereby, in effect, waive the jury and consent that the case may be determined by the court.   The reason for the rule is clearly stated by Sanborn, J., in *Phenix Ins. Co. v. Kerr*, 129 Fed. 723, as follows: "Where each of the parties to a trial by jury requests the court to charge them to return a verdict in his favor, he waives his right to any finding or trial of the issues by the jury, and consents that the court shall find the facts and declare the law.   An acceptance of these waivers and a peremptory instruction by the court in favor of either party constitutes a general finding by the court of every material issue of fact and of law in favor of the successful party.   The case is then in the same situation in which it would have been if both parties had filed a written waiver of a jury and it had been tried by the court.   Each party is estopped by his request from reviewing every issue of fact upon which there is any substantial conflict in the evidence, and the only questions which the instruction presents to an appellate court are, was the court's finding of facts without substantial evidence to sustain it?   And was there error in its declaration or application of the law?" *United States v. Bishop*, 125 Fed. 181; *Bowen v. Chase*, 98 U. S. 254; *Beuttell v. Magone*, 157 U. S. 154; *Laing v. Rigney*, 160 U. S. 531; *Chrystie v. Foster*, 61 Fed. 551; *Stanford v. McGill*, 6 N. Dak. 536; *Provost v. McEncroe*, 102 N. Y. 650; *Sturmdorf v. Saunders*, 102 N. Y. Supp. 1042; *Aber v. Twitchell*, 116 N. W. (N. Dak.) 95; *Larson v. Calder*, 16 N. Dak. 248.   We cannot add to the lucidity of this exposition. There was no error in the proceedings of the court in this regard.

The only remaining question is whether there is sufficient evidence to sustain the finding of the court.   The evidence is conflicting in its nature, and it is difficult to determine from the description given by the witnesses whether or not the road to the dumping ground used by the defendant after the public way was opened was confined to the dedicated strip.   We are satisfied, however, that there is sufficient evidence in the record to uphold

the findings of the district court; his findings in a law case being entitled to the same weight and conclusiveness as the verdict of a jury.

The judgment of the district court is

AFFIRMED.