Feight v. Thisler.

F. J. FEIGHT, *Appellee*, v. O. L. THISLER, *Appellant*.

No. 16,704.

SYLLABUS BY THE COURT.

1. SALES—*Conditional Warranty—Waiver of Condition*. Where there is a condition in a contract of sale that if the animal sold is not as warranted it may be returned to the seller if it is as sound as when sold, and where the animal turns out to be unsound and unfit for the purpose for which it was purchased, and the buyer is induced by the seller to retain the animal and attempt to cure it of infirmity and defects by remedies furnished by the seller, the condition for its return is waived and the fact that it is not returned will not preclude a recovery of damages for the breach of the warranty.

2. PLEADINGS—*Tender—Time of Acceptance*. Where an offer based on an alleged settlement pleaded in an answer is not accepted by the plaintiff, and a trial is had that results in a verdict, which is set aside by the court and a new trial granted, and the offer in the answer is not withdrawn, and the plaintiff then files an acceptance of the offer and moves for judgment on the pleadings, and defendant joins in a hearing as to whether the proposed acceptance is a compliance with the conditions of the offer, and does not withdraw the offer nor object to the hearing because the offer is no longer available, the offer will be deemed to be a continuing one, and upon acceptance and compliance with its conditions the court

is warranted in entering judgment in conformity with the offer and acceptance.

3. JURY TRIAL—*Waiver.* By proceeding with the hearing as to plaintiff's compliance with defendant's offer without demanding a jury the parties are deemed to have waived a jury trial of the question of fact involved.

Appeal from Republic district court. Opinion filed March 11, 1911. Affirmed.

*G. W. Hurd, Arthur Hurd,* and *W. D. Vance,* for the appellant.

*Nelson J. Ward,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action F. J. Feight sought to recover damages from O. L. Thisler for the breach of a contract. It was alleged that Thisler sold Feight a jack for $700, of which Feight paid $100 cash and gave his note for the sum of $600, payable in one year thereafter, and that Thisler warranted the jack to be sound and a fifty-per-cent foal getter. It was stipulated that "in case said jack does not prove to be a fifty-per-cent breeder I agree that he may be returned to my stables, if as sound as when he leaves my barn, and exchanged for another jack of equal value. The above and foregoing agreement shall be construed as a special warranty, and as embracing in its terms the full extent of my liability, in case of breach thereof."

It was alleged that the jack was not up to the specified standard and that he did not perform the service for which he was purchased. It was further averred that when Thisler was informed of the indisposition and incapacity of the jack he sent Feight certain tablets to be given to the jack, and that when these were administered they made the jack very sick and he remained in bad condition for more than a year, and for that reason he could not be returned to Thisler in accordance with the conditions of the warranty. It was also

alleged that Thisler had transferred the 600-dollar note to C. C. Wyandt, before it was due, in order to avoid the defenses which Feight had against the note; that it was not a *bona fide* transfer; that Wyandt had sued Feight upon the note in another county, where a judgment against Feight was recovered, and that he had been compelled to employ attorneys in order to make the defense which he had against the note and to establish an illegal transfer. It appears that the judgment obtained by Wyandt was reversed upon appeal to this court. (*Feight v. Wyandt*, 79 Kan. 309.) For the expenses incurred and the damages sustained Feight asked judgment in the sum of $1137.

The answer of Thisler was that there had been an amicable settlement of the dispute between the parties, and that he was still ready to carry it out. In the answer he further stated that he "now offers to pay to said plaintiff the said sum of $100 and to deliver to said plaintiff said promissory notes of $600 and $100, respectively, or their equivalent in money, if said plaintiff will carry out his said agreement to return and deliver said jack to said defendant in as good condition as he was at the time said agreement to return him was made."

Feight replied, denying generally the averments of the answer and also that a settlement had been made. Trial was had on the issues joined, which resulted in a verdict in favor of Thisler, but the court, on motion, set the verdict aside and granted a new trial. Feight thereupon filed an acceptance of the tender made in Thisler's answer, and the case was continued for hearing upon the acceptance of the offer and for final adjustment. When this hearing came on both parties offered testimony on the question involved, upon which the court found that the jack was in as good condition as when the agreement and tender were made and that Feight was entitled to judgment on the pleadings, offer and acceptance. Judgment was therefore rendered

against Thisler for $930.75, but it was further adjudged that he might pay $828.25 of the judgment by returning to Feight the notes for $600 and $100 mentioned in the answer. Thisler appeals.

It is contended that appellee was bound by the terms of the warranty, and that as he did not return the jack in accordance with the conditions of the warranty he is not entitled to claim damages. The appellant therefore insists that the court erred in receiving any evidence, in refusing to sustain the demurrer to the evidence, and in granting a new trial. That the jack did not come up to the warranty of soundness and of fitness for service is not contested, and according to all the testimony he was of little, if any, value. It is argued, however, that the failure to return the jack precludes a recovery of damages for the acknowledged breach. The testimony is that the action of appellant induced appellee to retain the jack and to attempt to put him in condition for service, under the direction of appellant and with a remedy which the latter furnished. This was in effect a waiver of the condition to return the jack. Besides, it appears that the remedy provided by appellant rendered the jack sick and unsound, and the agreement provided that he could be returned only if he was as sound as when sold. These things excused the return of the jack, and appellee was entitled to recover such damages as he sustained by reason of the breach of the warranty.

The next contention is that there was error in the judgment rendered on the pleadings. The answer specifically pleaded an offer, which appellee accepted, but it is argued that as the offer was not promptly accepted it was no longer available to appellee. It is true that appellee denied that there had been a settlement, as appellant alleged, but it is also true that instead of accepting the offer he went into a trial, which resulted in an adverse verdict. This was in effect a rejection of the offer, and appellant was then at liberty to with-

draw it.   However, the verdict returned was set aside and the parties were placed in the same position they occupied before the trial.   The answer of appellant was not amended, and the offer which it contained was allowed to stand.   Ordinarily an offer is only deemed to continue for a reasonable time, and ordinarily one who rejects an offer is concluded by that action.   Here, however, the answer containing the offer was not amended or changed.   Both parties appear to have treated it as a continuing offer.   The appellant did not object to going into a hearing as to appellee's compliance with the terms of the offer because the offer was no longer in force.   While the hearing was in progress, and when counsel for appellee stated that they were ready to return the jack in accordance with appellant's offer, counsel for appellant, instead of claiming that the offer in the answer was no longer available, objected that the tender of the return of the jack was not made in the proper way, and later he objected to the judgment on the ground that it did not comply with the acceptance of appellee, and also that it did not correspond with the offer contained in the answer.   There is a statement in an affidavit made in behalf of appellant that the appellee had forfeited his right to avail himself of the offer, but no such objection was made by counsel present in court when the hearing was on and the terms of the judgment were being settled.   There was, as we have seen, no withdrawal of the offer, and when appellee announced an acceptance the parties proceeded as if the offer was open to acceptance, and as if the only thing left for determination was the mere matter of compliance with its conditions.

The settlement of the terms of the judgment involved the question whether the jack was in as good condition as when the agreement was made, and it is therefore insisted that appellant was entitled to a jury trial of the question.   If it be granted that appellant

had the right to demand a jury trial on this question, it was a right that could be waived by failing to demand a jury or by acquiescing in the trial of the matter without one. The appellant did not demand a jury trial when the hearing was begun, nor object to a hearing without one. By his action in proceeding with the hearing without asking for a jury the appellant must be deemed to have waived one.

The judgment is affirmed.