JOE ADAMS, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED MAY 9, 1930. No. 27291.

*John F. Moriarty* and *Thomas J. O'Brien,* for appellant.

*J. C. Travis, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBER-LY and DAY, JJ.

GOOD, J.

Action for damages from surface waters flooding plaintiff's premises, alleged to have been caused by defendant's negligence. Defendant denied any negligence. Plaintiff had the judgment, and defendant has appealed.

At the close of plaintiff's evidence, both parties moved for a directed verdict. Thereupon, the trial court discharged the jury and announced its purpose to render judgment for plaintiff. Defendant then requested, and was denied, permission to introduce evidence. This ruling is assigned as error.

This court has frequently held that, where each party to a jury trial moves for a directed verdict, each consents that the court shall find the facts and apply the law thereto. *Segear v. Westcott,* 83 Neb. 515; *Dorsey v. Wellman,* 85 Neb. 262; *Henton v. Sovereign Camp, W. O. W.,* 87

Neb. 552; *Martin v. Harvey*, 89 Neb. 173; *Prucha v. Coufal*, 91 Neb. 724; *Krecek v. Supreme Lodge of F. U. A.*, 95 Neb. 428; *Fairbanks, Morse & Co. v. Austin*, 96 Neb. 137; *Hamilton v. North American Accident Ins. Co.*, 99 Neb. 579; *Modern Woodmen of America v. Berry*, 100 Neb. 820; *Bank of Benson v. Gordon*, 103 Neb. 508; *Merchants-Mechanics First Nat. Bank v. Cavers Elevator Co.*, 105 Neb. 321; *Riverton State Bank v. Walker*, 107 Neb. 672; *Waters v. Nebraska Mutual Ins. Co.*, 108 Neb. 1; *Pearlman v. Snitzer*, 112 Neb. 135. It is true that in most, if not all, of these cases the motions were made at the close of all the evidence on both sides.

In *Dunn v. Bozarth*, 59 Neb. 244, it was held: "The reception of evidence tendered by the defendant after a decision against him on a demurrer to plaintiff's evidence is not error." This ruling was followed and approved in *Riley v. Missouri P. R. Co.*, 69 Neb. 82.

In *Davison v. Land*, 89 Neb. 58, it was held: "At the conclusion of the plaintiff's evidence, plaintiff and defendant each moved the court for a directed verdict. Defendant then asked to withdraw his motion and to be allowed to introduce evidence. This request was refused, and a verdict directed for plaintiff. *Held*, that in such case prejudicial error will not be presumed, and the judgment of the district court will be affirmed under section 145 of the Code, where the record does not disclose any facts showing that defendant suffered any prejudice or that he had a substantial defense to the action." In the opinion it was said: "Where parties each request a direction to the jury for a verdict in their favor they submit the case to the court upon an issue of law. *Segear v. Westcott*, 83 Neb. 515; *Dorsey v. Wellman*, 85 Neb. 262. Where a party seasonably desires to withdraw such a request and to introduce evidence, the court should allow it to be done. It is elementary, however, that error will not be presumed, but must affirmatively appear."

In *Knies v. Land*, 116 Neb. 387, at the conclusion of plaintiff's testimony, each party moved for a directed ver-

dict. It was held: "Where both parties to a law action then being tried to a jury ask for a directed verdict, the action of the court in granting one request has the same force and effect as would a verdict of the jury. Neither party can thereafter predicate error on the court's failure to submit the case to the jury."

In the instant case, each party moved for a directed verdict without any reservation, and thereby each party invited the court to discharge the jury and decide the case upon the record then made. Not until after the court had discharged the jury and indicated that its holding would be for the plaintiff did the defendant make a request to introduce evidence. It was then too late for it to demand this as a matter of right. It was within the discretion of the trial court to grant or refuse the request. The record does not indicate what evidence the defendant desired to introduce. No offer was made as to what any witness would testify. The record does not apprise us as to whether defendant was prejudiced by the refusal. Error will not be presumed, but must affirmatively appear.

It is contended that the trial court committed prejudicial error in finding for the plaintiff, and it is asserted that the evidence fails to establish any actionable negligence on the part of defendant. A careful examination of the record convinces us that this contention is sound.

Plaintiff was engaged in the tire-repair business and, as lessee, occupied a building at 2302 Cuming street in the city of Omaha. On June 16, 1928, a heavy rain occurred, more than two inches of water falling in an hour. The water from the street overflowed the curb and filled the basement of plaintiff's premises, causing considerable damage to his merchandise therein kept.

While several grounds of negligence are alleged in the petition, plaintiff frankly admits that he relies upon the fact that the storm sewer was insufficient in capacity to carry off the surface water, and this forms the basis of his right to recover. Plaintiff cites and relies upon a number of cases wherein storm sewers of insufficient capacity were

knowingly maintained by municipalities, and where the sewage backed up through the sewer into the basements of buildings, and thereby caused damage, but those cases are not in point and have no application to the situation presented by the record in this case. In the instant case, the water never reached the sewer. There was no backing up of water through the sewer connections. Plaintiff's injury was sustained solely by surface water that overflowed into his building and basement. There is no evidence that any act of the defendant caused the surface water to accumulate and be thrown upon his premises. For aught that appears, no more water came to or upon plaintiff's premises than would have naturally reached them if no sewer had been constructed. In fact, the inference is that less water was precipitated upon his premises than would have been, had no sewer been constructed. The law authorizes, but does not require, cities of the metropolitan class to construct storm sewers. If no storm sewer had been constructed, plaintiff's damage would not have been less and might have been greater. Plaintiff's plight is no worse because of the insufficiency of the sewer, and it is to be inferred that it is somewhat better.

A somewhat similar question was presented in *City of Atchison v. Challiss*, 9 Kan. 603, 611, where in the opinion it was said: "Now, if a city is not bound to construct a drain of any kind, by what system of reasoning can it be made to appear that if it shall construct a drain it must construct one that shall be sufficient in all cases, and for every emergency? Any drain is better than no drain. Any drain instead of being an injury to a party is, so far as it operates, a positive benefit. If it carries off half the water that falls upon his premises, instead of the whole, how can that be said to be an injury? Is it not an actual benefit to the extent that it operates? And if a benefit, upon what principle can the city be made liable?" If failure to construct storm sewers to carry off any of the surface waters was not negligence, certainly the construction of the sewer that carries away a part of the water would not be actionable.

The evidence fails to establish any actionable negligence on the part of defendant. It follows that the findings and judgment of the district court are erroneous.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.