JIMMIE WISE, APPELLEE, V. GRAINGER BROTHERS COMPANY, APPELLANT.

FILED FEBRUARY 14, 1933.   No. 28398.

*Chambers & Holland* and *C. Russell Mattson*, for appellant.

*Arthur Balis, Albert P. Schwarz* and *John E. Mockett*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This was an action to recover for injuries received by the plaintiff, a minor, when he was hit by a truck of the defendant, a corporation, engaged in the wholesale grocery business and operating trucks in its business. At the time of the accident the truck was being used by the driver, an employee, for the purpose of going home for his dinner, and the said employee was not engaged in the performance of any duty for his employer, the

defendant. The plaintiff does not allege in his petition that the employee of the defendant was engaged in the performance of any duty for his employer at the time of the accident, and there is no evidence in the record, except to the effect that defendant's employee had borrowed the truck and was using it for his own convenience and pleasure. The plaintiff contends that there is a presumption that an automobile in charge of an employee is in the owner's service. This identical question was argued before this court in *Ebers v. Whitmore,* 122 Neb. 653. After careful consideration, this court announced the rule in an opinion by Leslie, District Judge, to be "that a presumption is not evidence and will not prevent a directed verdict when the evidence rebutting it is convincing and undisputed." Upon this question, this case is controlled by the opinion in that case, and the trial court should have sustained the motion of the defendant for a directed verdict.

While the determination of the foregoing issue is sufficient to dispose of the case, one of the assignments of error is based upon the giving by the court of an instruction which might well be considered here. After instructing the jury that the defendant's truck at the time of the accident was being driven by an employee in going to his home for dinner and was not then engaged in any performance of a duty for his employer, the court proceeded to further instruct the jury that, if they found the driver of the truck was using it for his own convenience with the knowledge and consent of his employer, the defendant, defendant would be liable for damages caused by the negligent operation of the truck. The plaintiff in his brief does not defend this instruction, but admits that the evidence in this case "does not warrant the application of the family automobile purpose doctrine." The plaintiff relies upon the presumption that the driver of the truck was engaged in the employer's business at the time of the accident. As heretofore stated, that presumption is not sufficient to support a verdict where the evidence to establish the contrary is convincing and un-

disputed. This theory of the case was not presented to the jury by the instructions of the court, since the court instructed the jury that at the time of the accident the defendant's truck was being used by an employee for his own personal and private purpose and not in the performance of any service for the employer. An employer is not liable for damage resulting from the negligence of an employee in the operation of a motor vehicle when not engaged in the performance of any duty for his employer. This view finds support in *Ebers v. Whitmore,* 122 Neb. 653; *Keebler v. Harris,* 120 Neb. 739, and other Nebraska cases.

While the court is unanimously of the opinion that the evidence upon the question of negligence is not sufficient to support a finding that the driver of the defendant's truck was negligent, it is unnecessary to discuss this assignment of error because of the conclusions which we have reached upon other questions presented by the record.

Judgment of the trial court is reversed, and the case is dismissed.

REVERSED AND DISMISSED.