IN RE ESTATE OF LEROY C. WROTH.
EMMA JENSEN, APPELLANT, V. ALONZO D. WROTH ET AL., ADMINISTRATORS, APPELLEES.

FILED JANUARY 22, 1934. No. 28780.

*James H. Hanley* and *Thomas J. O'Brien,* for appellant.

*Dorsey & Baldrige, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

GOOD, J.

This action involves the ownership of an automobile. Plaintiff claims title by gift from Leroy C. Wroth. Defendants deny the gift.

Wroth died in August, 1931, and his estate is being administered in the county court of Douglas county. Plaintiff filed a petition in that court, alleging the gift to her by Wroth, and praying the court to direct the administrators to deliver the automobile to her. The trial in that court resulted in a judgment for the estate. Plaintiff appealed to the district court, and on the trial there, after plaintiff had introduced her evidence, the court directed a verdict for defendants. From that judgment plaintiff has appealed.

The question involved is: Was the evidence sufficient to require the submission of the cause to the jury? The only evidence of the gift by Wroth to plaintiff was oral statements claimed to have been made by Mr. Wroth in the presence of one Miss Williamson and a Mr. Lindsay. In effect, they testified that Wroth said in their presence that he had given the car to plaintiff; that it was her car, and she was to take it home and keep it. There is no evidence of any bill of sale and transfer by Wroth to plaintiff in the manner provided by sections 60-310 and 60-325, Comp. St. 1929.

Section 60-310, in part, provides: "Upon the transfer of ownership of any motor vehicle, its registration shall expire, and the person to whom ownership of such vehicle is registered, and the person to whom ownership of such vehicle is to be transferred, shall forthwith join

in a statement of said transfer, indorsed upon the reverse side of the certificate of registration of said motor vehicle, in the space provided for said purpose, which statement shall be signed by the transferer in the manner and form of his signature, contained on the face of said certificate, and which statement shall likewise be signed by the transferee, who shall also set forth, below his signature, his post office address."

Section 60-325 contains this proviso: "Provided, upon the transfer of ownership of any motor vehicle the title shall not pass until the certificate of registration properly executed, shall be filed in the department of public works as required in this article." The record fails to show that any attempt was made to comply with either of these sections.

While this court has not passed directly upon the question involved, it was indirectly involved in the case of *Wallich v. Sandlovich*, 111 Neb. 318, wherein it was held: "The failure of a supposed owner of an automobile to register the same with the state authorities as required by the statute is a suspicious circumstance, which, together with other matters referred to in the opinion brought to the notice of the purchaser, is sufficient to put the purchaser upon inquiry as to the vendor's title." However, other courts, with motor vehicle registration acts similar to our own, have passed upon the question.

In *Merchants Securities Corporation v. Lane*, 106 N. J. Law, 169, it was held: "Legal title to a motor vehicle can be established only through the documentary evidence of sale and purchase prescribed by an act entitled 'An act relating to and regulating the sale and purchase of motor vehicles requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same and providing penalties therefor,' approved April 15, 1919. Pamph. L. p. 357, and its supplements and amendments."

In the case of *Endres v. Mara-Rickenbacker Co.*, 243 Mich. 5, it was held:

"In view of the purpose and language of Act No. 46, Pub. Acts 1921, especially section 4, making it a crime to sell an automobile without delivering an assigned certificate of title thereto, as required by section 3 of said act, as amended by Act No. 16, Pub. Acts 1923, a sale or transfer in violation of said act is void, although not expressly so provided therein.

"An automobile dealer who sold a car, loaned license plates, and delivered possession to the buyer without delivering a certificate of title as required by Act No. 16, Pub. Acts 1923, amending Act No. 46, Pub. Acts 1921, is liable as owner, under Act No. 287, Pub. Acts 1925, sec. 11, for the negligence of the buyer in driving the car, since the sale was void."

In *Isaacson v. Van Gundy*, 48 S. W. (2d) (Mo. App.) 208, it was held: "No title passes unless certificate is assigned buyer at time of delivering motor vehicle (Laws 1927, p. 313)."

In *Scarborough v. Detroit Operating Co.*, 256 Mich. 173, it was held: "Conditional contract for sale of automobile, giving to purchaser exclusive use thereof, is void under 1 Comp. Laws 1929, sec. 4658, where seller neglected to transfer certificate of title to purchaser." See, also, *Kelly v. Lofts*, 253 Mich. 552; *Bos v. Holleman De Weerd Auto Co.*, 246 Mich. 578.

Title to motor vehicle cannot be passed between living persons by mere oral declarations. In order to pass title it is necessary to comply with the provisions of sections 60-310 and 60-325, Comp. St. 1929. The statute covers transfers of title to motor vehicles either by sale or gift *inter vivos*. It is incumbent on plaintiff, to establish her title to the automobile in question, to produce, or account for its nonproduction, documentary evidence, showing that the statutory requirements have been complied with. This she has failed to do.

It follows that the judgment is right.

AFFIRMED.