FIDELITY & DEPOSIT COMPANY OF MARYLAND, APPELLANT,
v. B. GRUNWALD, INC., APPELLEE.

FILED OCTOBER 25, 1935. No. 29339.

*Gaines, McGilton, McLaughlin & Gaines,* for appellant.

*Wear, Garrotto & Boland,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an action to recover premium on a contractor's bond. At the close of all the testimony, both parties moved for a directed verdict. The trial judge then entered a judgment in favor of the defendant.

B. Grunwald, Inc., contracted with Douglas county to install heating equipment in the county hospital. This contract did not cover all plumbing work in the hospital. The contract price was $20,798. B. Grunwald, Inc., applied for and the Fidelity & Deposit Company executed a surety bond for the faithful performance of this contract

in the penal sum of $20,798, the premium for which, in the sum of $311.97, was paid. The contract with the county contained this provision: "It is understood and agreed that the owner may at its option within thirty days of the date of this instrument accept any one or all of the proposals set out as separate bids Nos. I to VI, inclusive, at the respective prices set out in the proposal, such additions to be part of this contract and subject to all the conditions thereof." The application for the bond by B. Grunwald, Inc., provided for premium for a term of two years, as above indicated, "and an annual premium in advance for each year after said term at the rate of three-fourths of one per cent. of said contract price, and an additional term and annual premium at said rates, based on any increase of said contract price, as shown by the certificate of the engineer or architect in charge, and to be adjusted upon completion of said contract." Now, B. Grunwald, Inc., in addition to the performance of the original contract, did other work in the amount of $20,-584.82. Upon this additional work the plaintiff claims a premium due, which is the basis of this action.

The determination requires a finding of fact and an application of the terms of the contract. At the close of all the testimony both parties moved for a directed verdict. Where both parties at the close of all the evidence, without reservation, move for a directed verdict, each invites the court to discharge the jury, determine the facts, and apply the law thereto. *Adams v. City of Omaha,* 119 Neb. 753; *Knies v. Lang,* 116 Neb. 387.

A finding of fact in a law action by a court, where a jury is waived, will not be disturbed unless clearly wrong. *Societe Titanor v. Paxton & Vierling Iron Works,* 124 Neb. 570. A glance at the digest reveals that this rule is well established in this jurisdiction. The evidence supports the finding that the additional work was done under other contracts with Douglas county than the one for which the bond was executed. It did not amount to an increase in the contract price. An examination of the bond reveals

that the obligation thereof relates directly, explicitly and solely to the contract for installing heating equipment in the boiler-room of the county hospital and not to a contract for other and different work. It cannot be said that the finding of the trial court is clearly wrong, supported as it is by sufficient evidence to sustain it.

AFFIRMED.