EARL W. SLAGLE, APPELLEE, V. SECURITIES INVESTMENT CORPORATION, APPELLANT.

FILED JUNE 26, 1936. No. 29706.

Woods, Woods & Aitken, Francis P. Matthews and William P. Kelley, for appellant.

Richard F. Stout and Jay O. Rodgers, contra.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

GOSS, C. J.

This is a law action to recover $500 for the amount paid on the purchase price of a motor truck. At the conclusion of the evidence both sides moved for directed verdicts. The court discharged the jury and entered judgment for plaintiff for the amount claimed. Defendant appeals.

In a law action, where, at the close of the evidence, each party requested a directed verdict in his favor and the court discharged the jury and decided the case upon the law and the evidence, the losing party is estopped by his request from reviewing every issue of fact upon which there is any substantial conflict in the evidence. *Segear v. Westcott*, 83 Neb. 515, 120 N. W. 170; *Henton v. Sovereign Camp, W. O. W.*, 87 Neb. 552, 127 N. W. 869; *Howell v. Bowman*, 89 Neb. 389, 131 N. W. 597; *Knies v. Lang*, 116 Neb. 387, 217 N. W. 615; *Adams v. City of Omaha*, 119 Neb. 753, 230 N. W. 680. A finding of fact by the court in a law action, where the finding by a jury is waived by the parties, will not be disturbed unless clearly wrong.

*Fidelity & Deposit Co. v. B. Grunwald, Inc.,* 129 Neb. 749, 262 N. W. 831.

Plaintiff alleges that on August 30, 1933, he purchased a three-ton used truck and trailer from defendant, represented to have been just previously completely overhauled and rebuilt, with all defective parts replaced, furnished with a four-ton motor, the trailer equipped with a ten-ton axle, the truck so constructed as to transport 400 cases of beer at a time from a brewery in St. Paul, Minnesota, to Lincoln and other Nebraska points (which was the business in which plaintiff was engaged). Plaintiff alleges the representations were false and untrue and gives the details thereof; and that plaintiff paid $500 on account of the purchase price of the truck for which he prays judgment.

The answer denies that the truck was purchased from defendant, and alleges that it was sold to plaintiff by the Motor Exchange and Refinance Company, which took a chattel mortgage from plaintiff for $2,691, which mortgage was duly transferred to defendant; that by reason of defaults by plaintiff in his agreed payments, defendant repossessed the truck in late December, 1933, and sold the truck to satisfy the debt due defendant under its mortgage.

The answer further denies that plaintiff ever made timely rescission of his contract of purchase of the truck, but continued to use the truck, and is estopped from rescinding and from receiving back his payments.

There was evidence on behalf of plaintiff to support findings that the truck and trailer were purchased by him from defendant and not from its assignor, that material representations as to it were false, that plaintiff had trouble with it from the start, that defendant undertook to remedy its defects from time to time but ultimately unavailingly, that it persuaded plaintiff for several months not to elect to rescind his agreement to purchase on its repeated promises and attempts to remedy the defects, and that he finally elected to rescind when the truck broke down on a trip, but that defendant repossessed the car in Iowa

before plaintiff could carry out his intention to move it to Omaha and tender it to defendant. The truck was one of two of its kind. No parts were in existence to supply those needed; they would have to be moulded. Plaintiff was not required to undergo further delays to make the truck operative. Delays and repairs required to be made all through the operation of the truck by plaintiff had been expensive and exasperating. There was ample evidence that the truck had been misrepresented and that the delay in rescinding was induced by defendant.

Under the rule stated early in this opinion, the findings of fact by the trial judge conclude us on review, unless those findings are clearly wrong.

But it is claimed by appellant that, before there can be a rescission of the contract and a restitution to plaintiff of the amount he has paid, he must, as a matter of law, have put the seller in *statu quo*, and that he did not do so after he had used the truck for 20,000 or 30,000 miles, between the months of September and December, 1933. 3 Williston, Contracts, sec. 1463.

But exceptions are made to the rule "The buyer must put the seller in *statu quo*." Those exceptions are made by Professor Williston in the section above cited. One of them is: "Where the buyer is induced by the seller to retain the property temporarily and attempt to remedy the defect, which is thereby increased." In support of the text the author cites *Feight v. Thisler*, 84 Kan. 185, 114 Pac. 249. The syllabus on that point is as follows: "Where there is a condition in a contract of sale that if the animal sold is not as warranted it may be returned to the seller if it is as sound as when sold, and where the animal turns out to be unsound and unfit for the purpose for which it was purchased, and the buyer is induced by the seller to retain the animal and attempt to cure it of infirmity and defects by remedies furnished by the seller, the condition for its return is waived and the fact that it is not returned will not preclude a recovery of damages for the breach of the warranty."

To the same effect, involving a 20-horse power International Harvester gasoline traction engine, is *Lathrop v. Maddux*, 58 Colo. 258, 144 Pac. 870. See, also, 55 C. J. 269, where it is stated: "In some jurisdictions an executed contract of sale may be rescinded upon the sole ground of a breach of warranty, regardless of whether or not there is fraud or other ground for rescission"—citing *Sedlacek v. Welpton Lumber Co.*, 111 Neb. 677, 197 N. W. 618; *Sherrill v. Coad*, 92 Neb. 406, 138 N. W. 567; *Mundt v. Simpkins*, 81 Neb. 1, 115 N. W. 325.

"A delay is excusable where it was induced by the adverse party; he cannot take advantage of a delay which he himself has caused or to which he has contributed." 21 C. J. 243. In *Rhines v. Skinner Packing Co.*, 108 Neb. 105, 187 N. W. 874, plaintiff rescinded his purchase of stock "within a year and he was not too late as a matter of law, when the circumstances are considered." In *Humbert v. Larson*, 99 Ia. 275, 68 N. W. 703, defendant was permitted to take advantage of his rescission made a year after he gave his notes for the purchase of a stallion which did not meet the representations made by plaintiff who sued upon the notes. The delay was induced by plaintiff. It was held that, in the circumstances, the rescission was made in a reasonable time.

Appellant argues that appellee did not execute the transfer of his motor registration certificate and therefore failed to complete a tender of good title to appellant. See Comp. St. 1929, secs. 60-310, 60-325. Appellant cites *In re Estate of Wroth*, 125 Neb. 832, 252 N. W. 322, in support of his contention. In that case a compliance with these sections was held necessary. The syllabus says: "Title to automobile can be transferred between living persons only by compliance with sections 60-310 and 60-325, Comp. St. 1929, relative to such transfer." That was a claim of title made in the matter of the estate of Leroy C. Wroth. Plaintiff filed a petition praying the county court to direct the administrator to deliver the automobile to her on the ground that before Leroy C. Wroth died he gave the

automobile to her in the presence of two witnesses (who testified to the fact). Claimant appealed from the adverse order of the county court to the district court, where a judgment was directed against her. We affirmed the judgment. The decision must be read and considered in the light of the circumstances on which it was based. There was no mortgage lien or vendor's lien or any sort of a contract existing between the parties. It was merely claimed that Leroy C. Wroth made a gift of the automobile. Plaintiff undertook to discharge the burden of proof of transfer of title by proving by competent witnesses the naked words of the deceased.

Here plaintiff executed a chattel mortgage and had the truck "until the appellant, for the purpose of foreclosing its mortgage, repossessed the equipment, on or about the 7th day of January, 1934." The foregoing is quoted from appellant's brief. We cannot find from the record what ultimately became of the truck. There is evidence tending to prove that it was replevied in Iowa by defendant. At any rate, defendant reduced it to possession. The presumption is that the registration certificate was carried in its container on the truck. Comp. St. 1929, sec. 60-309. "Repossession upon default in performance of the terms" is one of the circumstances which is included with transfers by operation of law and does away with the necessity of an executed transfer to divest a registered owner of title. Comp. St. 1929, sec. 60-313. We think this differentiates *In re Estate of Wroth, supra,* from the instant case and makes it inapplicable here.

The judgment of the district court is

AFFIRMED.

DAY and CARTER, JJ., dissenting.

The record in this case shows that plaintiff purchased the truck involved in this action on August 30, 1933, and that he knew that it was not as represented from the date he purchased it. He retained it for almost four months and drove it 25,000 to 40,000 miles during that time. It also appears that he did not attempt to rescind until the

truck was repossessed by the holder of the mortgage after default had been made in the payments due thereon. We are of the opinion that plaintiff had waived his right to rescind and recover back the purchase price and that his cause of action, if any, was one for damages for a breach of warranty.