ALBERT WITTHAUER, A MINOR, BY ESTHER WITTHAUER, HIS MOTHER, NATURAL GUARDIAN AND NEXT FRIEND, APPELLEE, v. EMPLOYERS MUTUAL CASUALTY COMPANY, A CORPORATION, APPELLANT.

32 N. W. 2d 413

Filed May 20, 1948. No. 32367.

*Joseph H. McGroarty*, for appellant.

*John A. McKenzie*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This case arises out of the same accident that was involved in Witthauer v. Paxton-Mitchell Co., 146 Neb. 436, 19 N. W. 2d 865. In that action plaintiff secured a judgment against Paxton-Mitchell Company and one Joe Gryva for personal injuries. Paxton-Mitchell Company appealed. The judgment against it was reversed and the cause as to it dismissed.

Plaintiff then brought this action against the defendant as insurer of Paxton-Mitchell Company (hereinafter called the company), plaintiff's contention being that the defendant's insurance policy covered Gryva as an addi-

tional insured. Issues were made and trial had. At the close of plaintiff's case-in-chief defendant moved for a directed verdict, which was overruled. At the close of all the evidence, both plaintiff and defendant moved for a directed verdict. The trial court discharged the jury, made a general finding in favor of, and entered judgment for, the plaintiff. Motion for a new trial was made and overruled. Defendant appeals. We reverse the judgment of the trial court and dismiss the case.

These facts are admitted by the pleadings. The plaintiff at the time this action was brought was a minor eight years of age. On November 25, 1944, plaintiff obtained a judgment against Gryva in the district court for Douglas County in the amount of $2,500 and costs on account of personal injury inflicted upon the plaintiff by and on account of the negligence of Gryva in driving an automobile against plaintiff. On the day of the accident Gryva was employed by the company as a truck driver. The defendant was the automobile insurance carrier of the company under an insurance policy which provided that "The unqualified word 'Insured' wherever used includes not only the Named Insured but also any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use is with the permission of the Named Insured, * * *."

Plaintiff alleged that Gryva at the time of the accident was driving the truck with the knowledge, permission, and consent of the company, owner of the truck, and that Gryva was an additional insured under the above provision. Defendant denied that at the time of the accident the contract of insurance covered Gryva; that at the time Gryva was performing any agency for the company; and that the truck was then being driven with the knowledge or consent of the company; and further denied any liability to pay the judgment.

The first assignment of error is that the court erred in overruling defendant's motion for a directed verdict

made at the end of plaintiff's testimony and again at the end of all testimony. The second assignment is that the court erred in sustaining plaintiff's motion for a directed verdict and judgment. The third assignment is that the judgment is contrary to the evidence.

Plaintiff asserts that only fact questions are involved; that the trial court made only general findings of fact, and hence if there is evidence in the record which, if believed, supports a finding that the actual use of the truck was with the permission of the named insured, then the judgment must be affirmed.

The facts, therefore, will be reviewed subject to the rule that "In a law action, where, at the close of the evidence, each party requested a directed verdict in his favor and the court discharged the jury and decided the case upon the law and the evidence, the losing party is estopped by his request from reviewing every issue of fact upon which there is any substantial conflict in the evidence. Segear v. Westcott, 83 Neb. 515, 120 N. W. 170; Henton v. Sovereign Camp, W. O. W., 87 Neb. 552, 127 N. W. 869; Howell v. Bowman, 89 Neb. 389, 131 N. W. 597; Knies v. Lang, 116 Neb. 387, 217 N. W. 615; Adams v. City of Omaha, 119 Neb. 753, 230 N. W. 680. A finding of fact by the court in a law action, where the finding by a jury is waived by the parties, will not be disturbed unless clearly wrong." Slagle v. Securities Investment Corporation, 131 Neb. 319, 268 N. W. 294.

We find no substantial dispute in this record on material fact questions.

The company owned the truck involved in the accident. It had the company's name painted on it. The truck was kept at the company's place of business. During other than working hours the keys to the truck were kept at the company office. The truck was used to make deliveries of and pick up materials for the company.

Joe Gryva had been employed by the company as a truck driver and had been assigned the use of the truck involved in the accident. At the time he was assigned to

duty as a truck driver, he was instructed that the truck was to be used only on company business. That instruction was repeated to him some months after his employment and before the accident in question.

The order of doing business with the truck was as follows. When Gryva reported for work he would get the keys and prepare the truck for the day's operations. Specific orders to Gryva for the use of the truck were in writing and were channeled through a clerk in the office. Gryva would get them from the clerk or from a basket on his desk provided for that purpose. Gryva would carry out the orders so given. He made a written memorandum of his trips, showing where he went, for what purpose, and the day's mileage.

The company prepared hot lunches at one of its plants for those employees desiring them. Orders for meals had to be placed by the employees at about 10 a. m., so as to have them prepared on time. Gryva's schedule of trips was so worked out each day that he was able to be at the other plant and pick up the food at 11:30 and haul it to the plant where he worked and be there before 12 noon. The lunch hour for all employees was 12 noon to 12:30 p. m.

The accident involved occurred March 23, 1944, about 12:15 p. m. Gryva ordinarily brought his own lunch to the plant. On that day he did not. He was not at the plant when the orders for hot lunches were taken up, so a lunch for him was not ordered. Gryva made four trips on the morning in question and returned to the plant about 11:45 or 11:50 a. m. He then took the truck, drove to a cafe some blocks away, ate his lunch, and was returning to the plant when the accident occurred.

His supervisors did not know that he was using the truck. He had not asked permission to take the truck that noon to go to lunch and hence specific permission was neither denied nor granted. He had never asked permission to take the truck to go to lunch. He had never used it for that purpose before. He took the truck

without permission. He was not on any company business when making the trip. He had no specific authority to make the trip and it was contrary to his general orders.

Following the accident he was taken to police headquarters, released, and returned to the plant about 3 p. m. That afternoon he made a statement in writing about the accident to the officials of the company and to a representative of the defendant. He was told he should not have so used the truck. He was not discharged. At the time of the trial he was in the employ of the company, although not as a truck driver.

It appears that plaintiff relies upon the presumption that in the absence of evidence to the contrary it will be presumed that an automobile in charge of its owner's employee is in the service of such owner. However, as we have held, such a presumption is not evidence. The presumption vanishes when rebutted by evidence that is clear and undisputed. When the presumption disappears, the burden then rests upon the plaintiff to produce evidence to sustain his case. Ebers v. Whitmore, 122 Neb. 653, 241 N. W. 126; Wise v. Grainger Bros. Co., 124 Neb. 391, 246 N. W. 733; Rose v. Gisi, 139 Neb. 593, 298 N. W. 333; Witthauer v. Paxton-Mitchell Co., *supra*.

Plaintiff does not point out the evidence which, in the absence of a presumption, sustains his contention that the actual use was with the permission of the named insured, but rather argues that the evidence of Gryva that he was on a "mission of his own" to get his lunch is a pure fabrication and unworthy of belief, and that the trial court had the right to disbelieve him and hence to make a fact finding against defendant. Plaintiff argues this at length and on various bases.

This is not a situation such as we have in Jennings v. Campbell, 142 Neb. 354, 6 N. W. 2d 376, where parol testimony could be weighed against facts and circumstances contrary thereto, and the parol testimony dis-

believed. Here the facts and circumstances all point to the truth of Gryva's testimony. The testimony of other witnesses whose credibility is not questioned supports the testimony Gryva gave.

We have reviewed each of plaintiff's contentions as to the credibility of Gryva, and find no merit in the propositions advanced. We do not deem it necessary to set out the answers. The material question here is not did Gryva drive the truck to the cafe and get his lunch. The material question is, was the "actual use" of the truck at the time of the accident "with the permission of the Named Insured."

Plaintiff's whole case rests on the proposition that Gryva had the truck, was driving it, and injured the plaintiff. There is no substantial dispute in this record that at the time of the accident Gryva was not on a mission for the company; he was not complying with any of its orders; he had not been directed to use the truck on company business; he had no permission to use it except on company business; and he was not on company business.

Plaintiff not only failed to meet the burden of proof that was on him, but defendant, without any substantial basis for dispute, proved that the actual use was not with the permission of the company.

We find no evidence in this record to sustain the finding of fact made by the trial court. It is clearly wrong. The trial court erred in sustaining plaintiff's motion and in not sustaining defendant's motion for a directed verdict. This conclusion makes it unnecessary to determine the contention of the defendant that the decision in Witthauer v. Paxton-Mitchell Co., *supra,* is res adjudicata of this action.

The judgment of the trial court is reversed and the cause dismissed.

REVERSED AND DISMISSED.