GRAND ISLAND FINANCE COMPANY, A CO-PARTNERSHIP CONSISTING OF EDGAR REYNOLDS AND FRANCES REYNOLDS, APPELLANT, V. EDDIE EACKER, APPELLEE.

52 N. W. 2d 805

Filed April 4, 1952. No. 33110.

*Johnson & DesJardien,* for appellant.

*E. F. Myers,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This case started as an action in replevin based on a promissory note secured by chattel mortgage. The security was not taken under the writ. The action proceeded as one for damages. Defendant pleaded by way of answer that the debt was void and uncollectible and that it had been paid. A jury was waived and trial had to the court, resulting in finding generally against the plaintiff and for the defendant, and that the debt had been satisfied in full. The trial court entered judgment for the defendant and dismissed plaintiff's petition. Plaintiff appeals. We affirm the judgment of the trial court.

Treating the judgment as one against it on both issues, plaintiff challenges its correctness as to both issues.

We review the evidence subject to the rule that "A finding of fact by the court in a law action, where the finding by a jury is waived by the parties, will not be disturbed on appeal unless clearly wrong." Witthauer v. Employers Mutual Casualty Co., 149 Neb. 728, 32 N. W. 2d 413.

Plaintiff is a copartnership. License was issued to it to carry on the business of making loans at Broken Bow, Nebraska, under the provisions of what are now sections 45-114 to 45-155, R. S. 1943. In the application for this license plaintiff designated Geo. F. Dudley as the manager who was to have charge of the business under the license. The license has been renewed annually.

Under date of March 28, 1942, the Department of Banking granted plaintiff permission "to conduct your direct loan business in the same office in which Mr. Dudley, your manager, conducts an insurance business and a real estate loan business."

We take up first the issue as to whether or not the indebtedness was void and uncollectible.

The evidence is that from 1946 to 1949, Mr. Dudley conducted in his office not only the loan business of the plaintiff, but also wrote life insurance, accident insurance, car insurance, and fire - dwelling-house insurance; bought and sold new and used cars, trucks, combines, and farm machinery; wrote bonds; and collected rents on business houses—the evidence not being clear as to whether he owned these business houses or handled them on an agent basis. He also managed a ranch from his office.

The note here involved was one given November 22, 1948, to refinance the balance due on a note originally given by the defendant for the purchase of a combine from Dudley in August 1947. The note given for that purchase was endorsed payable to plaintiff on a printed form.

The evidence is that defendant had sold cars for Dudley. About the middle of July 1947, defendant, at Dudley's request, went to Dudley's office to look at a used car. Dudley then proposed to defendant that he buy a combine, which defendant did.

Defendant's first defense is based on sections 45-123 and 45-155, R. S. 1943.

Section 45-123, R. S. 1943, so far as important here, provides: "No licensee shall conduct the business of making loans under sections 45-114 to 45-155 within any office, room or place of business in which any other business is solicited or engaged in, or in association or conjunction therewith, except as may be authorized in writing by the Director of Banking for the Department of Banking upon his finding that the character of

such other business is such that the granting of such authority would not facilitate evasions of said sections, or of the rules and regulations lawfully made thereunder; * * *."

Section 45-155, R. S. 1943, is: "Violation of sections 45-114 to 45-155 in connection with any indebtedness, however acquired, shall render such indebtedness void and uncollectible."

The evidence is ample, in fact, undisputed, to sustain a finding that at all times involved here, plaintiff's business of making loans was conducted in an office and at a place of business in which other business was solicited and engaged in which was outside of and beyond the authority in writing of the Director of Banking.

The question then comes, is the indebtedness sued on void and uncollectible? Obviously it is if the plain language of the statute is to be followed.

Our decisions point directly to the answer.

In Motors Acceptance Corp. v. McLain, 154 Neb. 354, 47 N. W. 2d 919, we said: "The small loan business is one which is subject to regulation because of the abuses which seem to be inherently linked with it."

In Mack Investment Co. v. Dominy, 140 Neb. 709, 1 N. W. 2d 295, we had an action in replevin based on a loan made under the act then in force. The defense was usury. The statute there involved provided that if interest or charges in excess of those prescribed shall be received, the licensee shall "lose all his right to collect or receive any sum whatever on said indebtedness." We held that the licensee, because of brokerage charges, lost his right to collect any sum whatever on this indebtedness and "The letter of the statute admits of no other interpretation by any construction." In the course of the opinion we said: "The purpose and intent of the legislature in passing this act were to protect the borrower against excessive and usurious rates of interest on small loans, and other charges, made under

one subterfuge or another, and to control and regulate, rather than protect, the lender."

In Nitzel and Co. v. Nelson, 144 Neb. 662, 14 N. W. 2d 197, we had an action in equity to foreclose securities given for the payment of promissory notes. The defense was usury under the small loan law based on the prior act, sections 45-143 and 45-144, C. S. Supp., 1941. There the statute provided that if interest or charges in excess of the prescribed amount were contracted for, collected, or received, the licensee "shall thereupon lose all of his right to collect or receive any sum whatsoever on said indebtedness." We held that because of usury and excess charges the notes were "void and uncollectible." In the course of the opinion we said: "The duty of the court in the premises is clear and distinct."

In Union Loan Assn. v. Woodie, 13 N. J. Misc. 214, 177 A. 438, the Supreme Court of New Jersey had before it a case that involved a statute which provided that no corporation or association licensed under their act "shall transact or solicit business under any other name or at any other office or place of business than that named in the license." The statute further provided that "every loan in connection with which such violation shall have occurred shall be absolutely null and void * * *." One of the defenses was that the loan had been made under the name of Union Loan Company, rather than Union Loan Association, which was the corporate title. The court held that the use of the word "company" was a clear violation of the act. The court said: "It is a harsh rule, but clearly intended to be such. The abuses growing up under this class of loans no doubt operated to induce the passage of this stringent legislation, and the purpose of the act is obviously to hold loan companies incorporated under the act to the strictest accountability, * * *." The above decision was cited with approval in Ryan v. Motor Credit Co., Inc., 130 N. J. Eq. 531, 23 A. 2d 607, a decision of the Court of Chan-

cery. That case was affirmed by the Court of Errors and Appeals in 132 N. J. Eq. 398, 28 A. 2d 181, 142 A. L. R. 640.

We hold that a loan made at a place of business in violation of the provisions of section 45-123, R. S. 1943, is void and uncollectible under the provisions of section 45-155, R. S. 1943.

We consider briefly the plea of payment.

The evidence is that at the time the note and chattel mortgage here involved were executed defendant gave Dudley positive directions to sell the combine and liquidate the debt, the new papers being executed to permit a reasonable opportunity to do that to advantage. Dudley sold the combine in February 1949, and advised defendant of the sale, but said he had not then received the money. On April 14, 1949, Dudley told defendant he had received the payment for the combine; that it was not sufficient to pay the debt; and that there was still due a balance of $58 which defendant paid and received a receipt for balance of loan in full, calculated from the records in Dudley's office of plaintiff's loans. There was some effort made to show that this receipt was antedated to avoid the date of termination of Dudley's authority as manager. There is ample evidence to show that the final payment of $58 and the receipt antedated the termination date. It is a fact question determined by the trial court.

Without further reciting the evidence we hold it ample to sustain the judgment of payment.

The judgment of the trial court is affirmed.

AFFIRMED.