UNION LOAN ASSOCIATION, PLAINTIFF-RESPONDENT, v. GILBERT C. WOODIE, DAVID GIBSON AND WILHELMINA WOODIE, DEFENDANTS-APPELLANTS.

Submitted October term, 1934—Decided March 9, 1935.

Before Justices Lloyd, Case and Donges.

For the appellants, *Lord & Lord*.

For the respondent,

Lloyd, J.    The Union Loan Association is a small loan company incorporated under chapter 49 of the laws of 1914. Section 3 of that act provides that "no corporation or association so licensed shall transact or solicit business under any other name or at any other office or place of business than that named in the license." Section 6 provides that any violation of any of the provisions of the act shall be a misdemeanor and that "every loan in connection with which such violation shall have occurred shall be absolutely null and void, and the borrower shall be entitled to recover from the lender any or all sums paid or returned on account of or in connection with such loan."

The appellants were the defendants in an action on a note in the amount of $300 dated March 10th, 1926, given by Gilbert C. Woodie and endorsed by David Gibson and Wilhelmina Woodie. Woodie had paid on the note the sum of $500 on account of the principal and interest of the original note. In addition to certain defenses a counter-claim for these payments was filed based upon violation of the act in that, among other things, the respondent had made the loan under the name of the Union Loan Company, rather than under the name of Union Loan Association which was its corporate title.

The judge hearing the case first found in favor of the defendant on the counter-claim, holding that the statute had been violated and gave judgment against the plaintiff for $500. Subsequently this judgment was opened and a new judgment entered in favor of the plaintiff below for the balance otherwise due on the note in the sum of $36. From this judgment the defendants appeal.

When the case was called for trial it developed that not only had the note been issued to the plaintiff trading under the name of the Union Loan Company, but that the present action was begun under that name, whereupon the parties stipulated that the proper party plaintiff was "Union Loan Association" and the judge declined to give effect to the violation in the issuance of the loan because of this stipulation of the parties.

We think that the use of the word "company" in the corporate title of the respondent was a clear violation of section 3 of the act. It was an integral part of the title used and not merely descriptive of the corporation. It took the place of the word "association" which was a part of the title, and for this violation the statute accords to the borrower the right to recover the payments made. The amendment allowed in the suit brought upon the stipulation of counsel is without bearing on the validity or invalidity of the loan itself or of the initial violation of the statute.

It is a harsh rule, but clearly intended to be such. The abuses growing up under this class of loans no doubt operated to induce the passage of this stringent legislation, and the purpose of the act is obviously to hold loan companies incorporated under the act to the strictest accountability, and decisions of the courts have given sanction to an interpretation which accords with this purpose. *Consolidated Plan of New Jersey* v. *Shanholtz et al., 7 N. J. Mis. R.* 876; *147 Atl. Rep.* 401; *affirmed, 107 N. J. L.* 517; *153 Atl. Rep.* 906.

It is impossible in the light of the specific ban of section 3 of the act to disregard the misuse of the word "company" in the title of the respondent. Our conclusion in this phase of the case makes it unnecessary to consider other grounds urged for reversal.

The judgment is reversed, with direction that judgment be entered in the court below in accordance with the views expressed in this opinion.